Alma LANGENDOERFER,
Plaintiff-Appellant,

v.

Ernest HAZEL, Jr., Incorporated,
Defendant-Respondent.

No. 41778.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 15, 1980.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 20, 1980.

Harry J. Nichols, St. Louis, for plaintiff-appellant.

Charles E. Gray, St. Louis, for defendant-respondent.

CRIST, Judge.

The issue presented by this appeal is—did the filing of a workmen's compensation claim toll the five year statute of limitation applicable to common law negligence actions? We hold that the statute was not tolled.

Appellant (hereinafter "claimant") alleged that she was injured on March 21, 1972 while working for the defendant. She filed a claim for workmen's compensation. Her claim was denied on the ground that her injury was not accidental. This court affirmed that decision on November 28, 1978, and a rehearing was denied on January 12, 1979. *Langendoerfer v. Hazel*, 576 S.W.2d 553 (Mo.App.1978). Her workmen's compensation litigation ended approximately six and one-half years after the date of the alleged injury.

Claimant filed a common law negligence action on March 14, 1979, one week short of seven years from the time of the alleged injury. This common law action was based upon the same operative facts as the disposed of workmen's compensation claim. The lower court dismissed the complaint on the ground that it was barred by the five year statute of limitations, § 516.120, RSMo 1978. We affirm.

Because statutes of limitation are favored in the law, exceptions must be enacted by the legislature. These exceptions are strictly construed. Courts are not at liberty to extend them even in cases of hardship. *Neal v. Laclede Gas Co.*, 517 S.W.2d 716, 719 (Mo.App.1974). In *State ex rel. Kansas City Stock Yards v. Clark*, 536 S.W.2d 142 (Mo.banc 1976) the Missouri Supreme Court held that the filing of a workmen's compensation claim does not toll a statutory wrongful death claim. Similarly, a common law action for negligence is not tolled. The situations are analogous even though one cause of action existed at common law while the other was statutorily created. Specific statutes of limitation were established for both causes of action by the legislature.

Although claimant would be entitled to only one recovery on the same set of operative facts, the negligence action could have been pending at the same time as the work-

men's compensation action. *State ex rel. Kansas City Stock Yards v. Clark, supra* at 146.

Judgment affirmed.

DOWD, P. J., and REINHARD, J., concur.