FOLLMER'S MARKET, INC., Joseph C. Follmer, III and Joseph Follmer, Jrs., Plaintiffs–Appellants,

v.

COMPREHENSIVE ACCOUNTING SERVICE COMPANY, William R. Foreman, Inez Mae Foreman and Manchester Bank of St. Louis, Defendants–Respondents.

FOLLMER'S SUPER MARKET, INC., Joseph C. Follmer, III and Joseph Follmer, Jr., Plaintiffs–Appellants,

v.

COMPREHENSIVE ACCOUNTING SERVICE COMPANY, William R. Foreman, Inez Mae Foreman, Tower Grove Bank & Trust, and Bernard Wagner, Defendants–Respondents.

Nos. 41432, 41433.

Missouri Court of Appeals, Eastern District, Division Four.

Sept. 23, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 14, 1980.

Application to Transfer Denied Jan. 13, 1981.

Eugene E. Eimer, St. Louis, for plaintiffs–appellants.

Justin C. Cordonnier, William M. Nicholls, E. Michael Murphy, St. Louis, for defendants–respondents.

David Wells, Mary Bonacorsi, Thompson & Mitchell, for Manchester Bank.

SMITH, Presiding Judge.

Plaintiffs appeal from the action of the trial court in dismissing their petitions in two related lawsuits on the basis they were barred by limitations. The suits are based upon certain alleged defalcations by William Foreman, hired by the corporate defendant to perform accounting and financial services. Foreman was alleged to be an employee of Inez Foreman and Comprehensive Accounting Service Company and a partner of Bernard Wagner. Specifically, it is alleged that Foreman induced Follmer's Supermarket to deposit money in tax accounts at Tower Grove Bank and Manchester Bank. Then through a series of forged checks, Foreman paid a lesser amount of tax to the State of Missouri than was reflected in the returns he showed to the company officers (but did not send to the state) and also through forged checks paid to himself the difference between that lesser amount and the amount shown on the returns. The amount of money received by Foreman as a result of the forgeries through the Tower Grove account was $62,800; through Manchester Bank it was $22,200.

Plaintiffs' petitions alleged that they became aware of the forgeries by February, 1972. Suit was brought in April, 1978. They sought recovery against all of the defendants on a variety of theories and for various amounts of money. Among the theories advanced was fraud. The trial court dismissed the plaintiffs' first amended petitions as to all defendants and gave leave to file amended petitions as to all defendants except the banks. After the second amended petitions were filed, the court dismissed those petitions without leave to amend. The plaintiffs have appealed in both cases and we consolidated the appeals for argument and will deal with both in this opinion.

Where a petition shows on its face that it is barred by limitations, a motion to dismiss will lie. *Schnabel v. Taft Broadcasting Company*, 525 S.W.2d 819, 821 (Mo. App.1975) [3]. The face of the petitions

here reflect that plaintiffs became aware of Foreman's forgeries by February, 1972, and did not file suit until April, 1978–more than six years later. There is no contention in this court that any statute of limitations other than Sec. 516.120 R.S.Mo.1978 (five years) is applicable, nor do we find any basis for invoking a different limitations period. There is some question whether the provisions of Sec. 516.100 R.S.Mo.1978 [1] are to be engrafted onto the provisions of Sec. 516.120(5) dealing with fraud. It is unnecessary for us to reach that question. Certainly, the facts constituting the fraud were discovered by February, 1972. Under § 516.120, plaintiffs had five years thereafter to bring suit. They clearly did not meet that deadline. If in addition § 516.100 applies to a fraud action (which we do not suggest), the discussion which we make hereafter would apply equally to the fraud claims as well as the other theories of recovery.

Plaintiffs argue that under § 516.100 the cause of action did not accrue until 1976 because it was not until then that the last item of damage became "capable of ascertainment." This contention is based upon the fact that it was not until 1976 that Follmers' Super Markets arrived at a settlement with the State of Missouri of the amount of taxes due and the penalties and interest to be collected.

The test to be applied is set forth in *Rippe v. Sutter*, 292 S.W.2d 86 (Mo.1956) (quoting from *Allison v. Missouri Power & Light Co.*, 59 S.W.2d 771 (Mo.App.1933)) as follows:

"The aforequoted statute does not change the general rule that 'when an injury is complete as a legal injury at the time of the act, the period of limitation will at once commence; [and] if the action is of a nature to be maintained without proof of actual damage, the period of limitation will begin to run from the time the act is done without regard to any actual damage, * * * but * * * when the act which gives the cause of action is not legally injurious until certain consequences occur, then the period of limitation will take date from the consequential injury. * * * the injurious consequences or resulting damages which bring about the accrual of the cause of action are the indispensable elements of the injury itself, and not mere aggravating circumstances enhancing a legal injury already inflicted, * * * and * * * the resulting damage is sustained and is capable of ascertainment within the contemplation of the statute whenever it is such that it can be discovered or made known.' " *Rippe v. Sutter, supra*, l. c. 90. *See also Chemical Workers Basic Union v. Arnold Sav. Bank*, 411 S.W.2d 159 (Mo. banc 1966); *Lewis v. Thompson*, 231 Mo.App. 321, 96 S.W.2d 938 (1936); *Thorne v. Johnson*, 483 S.W.2d 658 (Mo.App.1972); *Janssen v. Guaranty Land Title Co.*, 571 S.W.2d 702 (Mo.App.1978).

This approach has quite recently been followed in *Davis v. Laclede Gas Company*, 603 S.W.2d 554 (Mo. banc 1980) involving continuing torts.

It is clear here that the wrong of which plaintiffs complain was legally complete by February, 1972. There were no consequential injuries which accrued thereafter. Plaintiffs' maximum tax liability was known or at least discoverable at that time and subsequent negotiations to decrease or mitigate plaintiffs' damages do not make the damages not "capable of ascertainment." Plaintiffs could have brought their suit at that time and fully recovered for the damages arising from Foreman's conduct.

---

1. 516.100. *Period of limitation prescribed.-* Civil actions, other than those for the recovery of real property, can only be commenced within the periods prescribed in the following sections, after the causes of action shall have accrued; provided, that for the purposes of sections 516.100 to 516.370, the cause of action shall not be deemed to accrue when the wrong is done or the technical breach of contract or duty occurs, but when the damage resulting therefrom is sustained and is capable of ascertainment, and, if more than one item of damage, then the last item, so that all resulting damage may be recovered, and full and complete relief obtained.

Plaintiffs rely upon *DePaul Hospital School of Nursing v. Southwestern Bell Telephone Company,* 539 S.W.2d 542 (Mo.App. 1976) and *Jepson v. Stubbs,* 555 S.W.2d 307 (Mo. banc 1977). In the former case plaintiff could not bring its cause of action until the Public Service Commission had established which of two rates applied to plaintiff. Until that point the court lacked jurisdiction to entertain a suit for overcharge. No such lack of jurisdiction exists here. *Jepson v. Stubbs, supra,* involved a novel factual situation in which an individual was suing his attorney for malpractice. The asserted negligence had resulted in the plaintiff being improperly imprisoned. The court held that because of the possibilities of parole it was not possible to determine the damages arising from the imprisonment until the imprisonment terminated. We do not find that case applicable here.

▪ Plaintiffs also assert that the statute was tolled because their dealings with the State constituted litigation which precluded them from suing defendants. The litigation exception referred to by plaintiffs is recognized in Missouri. It is available only where a person is prevented from exercising his legal remedy by the pendency of legal proceedings. It is not available where the proceedings are "provoked, induced or promoted" by the party claiming the tolling. *Ottenad v. Mount Hope Cemetery & Mausoleum Co.,* 176 S.W.2d 62 (Mo.App. 1943). Such an exception has no applicability here. First there was no litigation pending. Secondly, nothing about the negotiations prevented plaintiffs from pursuing their legal remedies against defendants. Thirdly, the amount of liability to the State was fixed. Plaintiffs' negotiations were designed to reduce the liability and so was "induced" by plaintiffs.

We find no error in the actions of the court below. We deny plaintiffs' motion to tax portions of the transcript against specified defendants.

Judgments affirmed.

SATZ and SIMON, JJ., concur.