**Helena SHOCKLEY, Successor for Frank W. Shockley, d/b/a Aalco–Barney Company, Appellant–Plaintiff,**

v.

**HARRY SANDER REALTY COMPANY, INC., Harry Sander & Middlewest Realty, Inc., Respondents–Defendants.**

No. 54634.

Missouri Court of Appeals, Eastern District, Division Five.

June 6, 1989.

Ted F. Frapolli, St. Louis, for appellant-plaintiff.

Mark E. Goodman, Clayton, for respondents-defendants.

CARL R. GAERTNER, Judge.

The origin of this litigation was a lawsuit filed by Frank W. Shockley against Harry A. Sander Realty Company, a corporation, seeking to recover $25,565.50 for plumbing services. On September 1, 1981 a judgment was entered against Harry A. Sander Realty Company for the full amount of the claim plus interest in the amount of $12,071.64, a total judgment of $37,637.14. After an execution was returned nulla bona Shockley filed a second lawsuit against Harry A. Sander individually and Middlewest Realty, Inc., (Middlewest) to recover for the value of his plumbing services from these defendants. He alleged in that action Harry A. Sander Realty Company was a subterfuge and alter ego of the two named defendants. Because that action was filed more than five years after the performance of the services, it was dismissed as barred by the statute of limitations. We affirmed that dismissal. *Shockley v. Sander*, 720 S.W.2d 418 (Mo.App.

1986)[1]. In that opinion, authored by the Honorable John J. Kelly, the evidence regarding the relationship between Sander, Middlewest Realty (and its predecessor corporation H.A.S. Investments, Inc.) and Harry A. Sander Realty Company is set forth as follows:

Shockley also called Harry A. Sander as a witness. Sander testified that he had no work orders or documents sent to Shockley that had a Middlewest Realty or H.A.S. Investments, Inc. letterhead on them and that he had never told Shockley that Shockley was doing business with H.A.S. Investments, Inc. He stated that although all memoranda for services to be rendered were communicated to Shockley on Harry Sander Realty Company letterhead, the requests were actually issued by H.A.S. Investments, Inc. Further, H.A.S. Investments, Inc. paid for all memos, letterheads and supplies of Harry Sander Realty Company and Middlewest Realty, Inc., H.A.S. Investments, Inc.'s successor corporation, paid the franchise tax for Harry Sander Realty Company. While Harry Sander Realty Company had a telephone listing, it never maintained a bank account, never had any employees, never maintained any assets to offset its debts, and had never done any business. Sander concluded his testimony by stating that payments made to Shockley for plumbing service were issued on checks by H.A.S. Investments, Inc. These checks, marked as exhibits, were never received into evidence. *Id.* at 420.

We held that where one fraudulently conceals one's identity as defendant, rather than concealing the existence of the cause of action itself, the statute of limitations is not tolled, no matter how "dishonorable or distasteful we find the unsavory business practices engaged in by respondents" and regardless of "the procedural manipulations engaged in by defendant to thwart discovery of the proper defendant". *Id.* Judge Kelly concluded:

1. During the pendency of that appeal, Frank Shockley died and his wife, Helena Shockley, was substituted as plaintiff. A similar substitution has taken place in the instant case.

While Shockley's recourse against the proper party defendants is barred by the statute of limitations in this separate legal action, he may have recourse by way of a creditor's bill, a rarely used but flexible equitable remedy, against these defendants to enforce execution of his judgment in the original action. *Id.* at 421.

Pursuant to this advice, plaintiff filed a "Motion for Creditor's Bill," in the original action, naming Sander and Middlewest as "garnishees". In this motion plaintiff alleged, *inter alia*, that Harry Sander Realty Company was a mere sham and a device created to fraudulently escape legal obligations, and that the services rendered by plaintiff were fraudulently conveyed without consideration to Sander and Middlewest with intent to defraud creditors. Sander and Middlewest filed a motion to dismiss for failure to state a claim upon which relief can be granted because plaintiff's claim was barred by the statute of limitations and by the final judgment of dismissal of the second lawsuit. The trial court sustained the motion and this appeal ensued.

Since the trial court gave no reasons for dismissal we assume it acted for the reasons offered in the motion to dismiss. *Pic–Walsh Freight Co. v. Cooper*, 618 S.W.2d 449, 453 n. 5 (Mo.App.1981). The scope of review for this action involving a motion to dismiss requires an examination of the pleadings, allowing them their broadest intendment, treating all facts alleged as true and construing the allegations favorably to plaintiff. *Best v. Schoemehl*, 652 S.W.2d 740, 741 (Mo.App.1983). We conclude the trial court erred in dismissing the action, and reverse and remand.

Missouri recognizes the creditor's bill as a viable remedy. *Linder v. Hawkeye–Security Insurance Co.*, 472 S.W.2d 412 (Mo.banc 1971); *Eugene Alper Construction Co., Inc. v. Joe Garavelli's of West Port, Inc.*, 655 S.W.2d 132, 136 n. 2 (Mo.App.1983). It is an equitable remedy available to a creditor who seeks to enforce the payment of debts out of assets that cannot be reached by traditional means of execution on a judgment established in a suit at law. Dobbs, Handbook on the Law of Remedies § 1.3 at 11 (1973); *General Grocer Co. v. Ahlemeier*, 627 S.W.2d 61, 64 (Mo.App.1981); *Publicity Building Realty Corp. v. Thomann*, 353 Mo. 493, 183 S.W.2d 69, 72 (1944). The creditor's bill may be brought by an unsecured creditor to set aside a transfer by the debtor on the ground of fraud or to discover the debtor's hidden assets, subjecting that property to the payment of the debt. *State ex rel. Brigance v. Smith*, 345 Mo. 793, 135 S.W.2d 355, 358 (1940). Creditors' bills have been used frequently over the years in attempts to set aside fraudulent conveyances. Jones, "The Use of Equity: Creditors' Bills," 16 J.Mo.Bar. 182, 184 (1960).

We believe that certain of the allegations of plaintiff's motion for a creditor's bill are, if true, sufficient to state a claim upon which equitable relief may be granted, and are not barred by the reasons stated in respondents motion to dismiss. The avoidance of debts by the establishment of an empty-shell corporation for the purpose of entering into contracts, the benefits of which are conveyed without consideration and received by the hidden real parties in interest, is a practice that cries out for equitable relief. The portion of plaintiff's prayer for relief which seeks a declaration that the judgment against Harry Sander Realty, Company, Inc. be deemed to be a judgment against Harry Sander personally and against Middlewest Realty Company personally is barred by the judgment in the second lawsuit and must be disregarded. However, plaintiff also prays that the personal assets of Sander and Middlewest be declared subject to execution in order to satisfy the judgment against Harry Sander Realty Company, Inc. To the extent that plaintiff can prove Sander and Middlewest were unjustly enriched through their allegedly fraudulent scheme, plaintiff may be entitled to such relief.

The grounds set forth in respondents' motion to dismiss, which we must assume were the grounds upon which the motion was sustained, do not defeat plain-

tiff's right to such relief. The judgment in the second lawsuit adjudicated plaintiff's claim that Sander and Middlewest were not directly obligated to plaintiff to pay his charges for services rendered. As implied by Judge Kelly's opinion, that decision did not purport to adjudicate their liability for the judgment against the Harry Sander Realty Company, Inc., to the extent they may have personally benefited from a scheme to defraud creditors. Nor does the five-year statute of limitations, which barred plaintiff's second lawsuit seeking a second judgment based upon direct contractual liability of Sander and Middlewest, serve as a bar to the present motion which seeks enforcement of the existing judgment in the first lawsuit. This judgment is subject to the ten-year period of limitations set forth in § 516.350 RSMo.1986. A creditor's bill is considered the equitable equivalent of garnishment on execution and is comparable to proceedings supplementary to and in aid of execution. *United States ex rel. Goldman v. Meredith*, 596 F.2d 1353, 1357 (8th Cir.1979). The statute of limitations for a garnishment action is ten years, as provided in § 516.350. *Walls v. Walls*, 673 S.W.2d 450, 450 (Mo.App.1984); *Pourney v. Seabaugh*, 604 S.W.2d 646, 649–50 (Mo.App.1980). It follows that the ten-year limitation applies in a case seeking an equitable remedy as it does in a case seeking a legal remedy. The "presumption of payment" is a statute of limitations; it is simply "distinguishable from the ordinary statute of limitations which merely bars the remedy," in that it in effect cancels the debt. *Lanning v. Lanning*, 574 S.W.2d 460, 462 (Mo.App.1978). *Compare Rincon v. Rincon*, 571 S.W.2d 475, 476 (Mo.App. 1978).

We likewise find no merit in a third contention first asserted by respondents on appeal, that the absence of a judgment against Harry Sander individually and Middlewest precludes the issuance of a creditor's bill. Generally a prerequisite to the issuance of a creditor's bill is the existence of a judgment, the issuance of an execution against assets of the judgment debtor and a nulla bona return thereon. *Buckley v. Maupin*, 344 Mo. 193, 125 S.W.2d 820, 823 (1939). In *Buckley*, the court reasoned that only a judgment creditor or one who has established his legal or equitable lien on property, and who has no adequate remedy at law, is entitled to seek relief from a court of equity to set aside a fraudulent conveyance. *Id.* at 824. Accord, *Johnson v. Fotie*, 308 S.W.2d 662, 666–67 (Mo.1958); *Jones v. Davis*, 306 S.W.2d 479, 481 (Mo. 1957). Thus, the judgment required as a precursor to a creditor's bill is one against the original debtor, not against the party wrongfully in possession of the judgment debtor's assets.

The factual situation in the case of *General Grocer Company v. Ahlemeier*, 627 S.W.2d 61 (Mo.App.1981) is somewhat analogous to that of the instant case. There a plaintiff sued an insolvent corporation for the value of merchandise and also joined a second corporation alleged to be the "alter ego" of the first. Because of instructional error the judgment against the original insolvent debtor was set aside. For this reason, we held the judgment against the second corporation in the nature of a creditor's bill and "merely in aid of a judgment at law that has previously been set aside", was also properly vacated. *Id.* at 64. Despite this result, *General Grocer*, by implication, stands for the principle that through the vehicle of a creditor's bill a judgment debtor may be able to trace the value of goods and services rendered to an empty-shell corporation to the parties behind such a corporation who have received and benefited from the property or services.

Accordingly, the judgment of dismissal of plaintiff's motion for creditor's bill is reversed and the cause is remanded for further proceedings.

PUDLOWSKI, C.J., and CRANDALL, J., concur.