**PEERLESS INDUSTRIES,
INC., Appellant,**

v.

**James R. ESTES, et al., Respondents.**

**No. WD 41762.**

Missouri Court of Appeals,
Western District.

Oct. 31, 1989.

Janice A. Harder, Columbia, for appellant.

Jeffrey Owen Parshall, Columbia, for respondents.

Before NUGENT, C.J., and
KENNEDY and FENNER, JJ.

FENNER, Judge.

Appellant, Peerless Industries, Inc., (hereinafter Peerless), sought to enforce a judgment it obtained in 1983 against Setting Sun Restaurant Corporation. Peerless sought to enforce its 1983 judgment against respondents, James R. Estes and Jack L. Maher by filing a petition to pierce the corporate veil of Setting Sun Restaurant Corporation. Respondents filed a motion to dismiss Peerless' petition which was sustained by the trial court. Peerless now appeals the dismissal of its petition.

The petition was captioned as an "Action in Equity to Disregard the Corporate Entity and Enforce Judgment Against Individuals." The petition alleged that Estes and Maher organized a corporation by the name of Harvest Moon, Inc., in August, 1974, and that in September, 1983, the name of Harvest Moon, Inc., was changed to Setting Sun Restaurant Corporation. It was further alleged that in October, 1985, Setting Sun Restaurant Corporation forfeited its corporate status.

Peerless' petition alleged that in December, 1978, Estes and Maher organized a corporation by the name of Innovative Restaurants, Inc., which was dissolved on or about December 31, 1985. It was alleged that Harvest Moon, Inc., and its successor Setting Sun Restaurant Corporation, never had any genuine or separate corporate existence, but existed for the sole purpose of permitting Innovative Restaurants, Inc., to transact a portion of its business. The petition alleged that Harvest Moon, Inc., and Setting Sun Restaurant Corporation were the alter ego of Innovative Restaurants, Inc. The petition also alleged that Estes and Maher controlled and influenced Setting Sun Restaurant Corporation and Innovative Restaurants, Inc., to defraud Peerless.

Estes and Maher moved to dismiss the petition on the following grounds: (1) that the court lacked jurisdiction; (2) that service of process was improper; (3) that Peerless' claim was barred by either or

both the statute of limitations and laches; and (4) that the petition failed to state a cause of action.

The issues argued by the parties on appeal are whether the petition stated a cause of action and whether the claim was barred by the statute of limitations. Peerless argues in its brief that the trial court erred in dismissing its petition because a cause of action was stated in equity to secure satisfaction of a previous judgment against Setting Sun Restaurant Corporation by disregarding the corporate entity of Setting Sun Restaurant Corporation and enforcing the judgment against Estes and Maher.

As the trial court sustained the motion to dismiss without specifying the reason for its ruling, the court of appeals is to presume the dismissal was on one or more of the grounds specified in the motion. *Terre Du Lac Ass'n. v. Terre Du Lac, Inc.*, 737 S.W.2d 206, 211 (Mo.App.1987). The application of the statute of limitations is dispositive herein.

The underlying action in which Peerless obtained its 1983 judgment was for supplies sold and delivered to Setting Sun Restaurant Corporation. The underlying action was timely filed within the five year period required under § 516.120, RSMo 1986, the applicable statute of limitations. The goods were sold between November 12, 1980 and March 17, 1982. Peerless filed suit on May 10, 1983, and obtained judgment against Setting Sun Restaurant Corporation on October 26, 1983, in the amount of $2,993.13.

■ In the case at bar, Peerless alleges that it should be allowed to pierce the corporate veil of Setting Sun Restaurant Corporation and hold Estes and Maher liable on its judgment. The petition alleges that Setting Sun Restaurant Corporation was a subterfuge and the alter ego of

Estes and Maher. Peerless argues that its petition pleads an action on the previous judgment and therefore the ten year statute of limitations provided in § 516.350.1, RSMo 1986, is applicable.

The case of *Shockley v. Sander*, 720 S.W.2d 418 (Mo.App.1986), is determinative on the issues raised herein.[1] In *Shockley I*, the plaintiff, Shockley, had previously obtained judgment against Harry A. Sander Realty Company. Shockley then filed another lawsuit naming Harry A. Sander, individually, and Middlewest Realty, Inc., as defendants. In the second action Shockley alleged that Harry A. Sander Realty Company was a subterfuge and alter ego of the two named defendants and that Sander Realty was used by the named defendants in an effort to defraud creditors. Shockley sought to pierce the corporate veil of Harry A. Sander Realty Company and hold the defendants in the second action liable. The court, in *Shockley I*, held that the underlying action upon which Shockley obtained judgment against Sander Realty Company was subject to the five year filing period required under § 516.120, RSMo 1986, and that Shockley's action to pierce the corporate veil was subject to the same period of limitation. The appellate court, in *Shockley I*, affirmed the dismissal of the action seeking to pierce the corporate veil as barred by the five year statute of limitations.

Peerless' petition in the case at bar is the same as in *Shockley I* in that it seeks judgment against the defendants for the underlying debt by piercing the corporate veil. Peerless' action to pierce the corporate veil is barred by the five year limitation of § 516.120, RSMo 1986. However, as was the case in *Shockley I*, Peerless may pursue relief by way of a creditor's bill.[2]

---

**1.** There are two reported cases in regard to Shockley's efforts to collect on his judgment. The cites are as follows: *Shockley v. Sander*, 720 S.W.2d 418 (Mo.App.1986), (hereinafter *Shockley I*), and *Shockley v. Harry Sander Realty Co.*, 771 S.W.2d 922 (Mo.App.1989), (hereinafter *Shockley II*).

**2.** A creditor's bill is an equitable remedy available to a creditor who seeks to enforce the payment of debts out of assets that cannot be reached by traditional means of execution on a judgment established in a suit at law. *Shockley v. Harry Sander Realty Company*, 771 S.W.2d 922, 924 (Mo.App.1989); *Publicity Bldg. Realty Corporation v. Thomann*, 353 Mo. 493, 183 S.W.2d 69, 72 (1944).

■ In *Shockley I,* the court noted that although the action to pierce the corporate veil was barred by the statute of limitations, Shockley may have recourse by way of a creditor's bill. Shockley then filed a "Motion for Creditor's Bill", in his original action, naming Sander and Middlewest as "garnishees". Sander and Middlewest filed a motion to dismiss for failure to state a claim upon which relief could be granted because the claim was barred by the statute of limitations and by the final judgment of dismissal of the action to pierce the corporate veil. The trial court, in *Shockley II,* sustained the motion to dismiss and Shockley appealed once again. In the second appeal the judgment of dismissal was reversed and the cause remanded to allow Shockley to proceed on his Motion for Creditor's Bill. The Motion for Creditor's Bill was found to be subject to the ten year period of limitations of § 516.350, RSMo 1986. *Shockley v. Sander,* 771 S.W.2d 922, 925 (Mo.App.1989). Since the goods giving rise to the underlying action herein were sold between November 12, 1980 and March 17, 1982, the ten year period of limitations during which a creditor's bill can be brought in the original action has not expired.

The judgment of the trial court is affirmed.

All concur.