Jill HILL, Appellant,

v.

JOHN CHEZIK IMPORTS, and Dean Thanas, Respondents.

. No. 57452.

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 14, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 19, 1990.

Application to Transfer Denied
Nov. 20, 1990.

Mary Anne Olwell Sedey, St. Louis, for appellant.

Diane K. Wieland, James Curtis Owen, Chesterfield, Louis Gilden, St. Louis, for respondents.

STEPHAN, Judge.

Appellant, Jill Hill appeals the dismissal of her sexual harassment claim under the Missouri Human Rights Act against Respondents, John Chezik Imports ("Employer"), and Dean Thanas ("Thanas").

Appellant asserts in her petition that she worked for Employer from April 1985 until June 1986 at its St. Charles facility, where Thanas was the facility manager. She asserts that she was subjected to "constant unwelcome sexual advances and request (sic) for sexual favors," by Thanas and that Employer knew of his conduct.

On June 3, 1986, Hill filed charges of discrimination with the Missouri Commission on Human Rights ("Commission") pursuant to Section 213.075, RSMo 1986. On September 23, 1987, she received a Notice of Right to Sue giving her ninety days to file suit under the Missouri Human Rights Act.

Appellant filed a federal action in the District Court for the Eastern District of Missouri on December 16, 1987, eighty-four days after the Commission issued the Notice of Right to Sue. Count I of her petition is a Title VII claim. She also filed pendent state claims. Count II is a discrimination claim under the Missouri Human Rights Act. Counts III and IV are tort claims for intentional and/or negligent infliction of emotional distress and negligent retention of a dangerous employee.

On June 17, 1988, the federal district court dismissed appellant's Title VII claim as untimely. Counts II, III, and IV were dismissed without prejudice because the federal court was without jurisdiction once the basis for pendent jurisdiction was dismissed.

Appellant then filed a new action in the St. Charles Circuit Court on June 21, 1988.[1] No new claims were raised. Count I of the state action is the discrimination claim under the Missouri Human Rights Act. Counts II and III are the tort claims for intentional and/or negligent infliction of emotional distress and negligent retention of a dangerous employee.

Employer filed a motion to dismiss on November 1, 1988, asserting Hill failed to file Count I within the statute of limitations and, that she failed to state a cause of action under Counts II and III because any relief is covered exclusively by the Missouri Workers' Compensation Act. On September 1, 1989, the trial court granted the motion to dismiss.

1. Appellant Hill also appealed the federal court dismissal to the Eighth Circuit Court of Appeals. On March 13, 1989, the Eighth Circuit affirmed the district court's decision to dismiss. *Hill v. John Chezik Imports*, 869 F.2d 1122 (8th Cir. 1989).

Appellant raises two points on appeal. She asserts the trial court erred in dismissing her action because (1) the statute of limitations on Count I, the Missouri Human Rights Act claim, should be tolled for the period of time it was pending in federal court, and (2) her tort claim for intentional or negligent infliction of emotional distress is not preempted by the Workers' Compensation Act.

■ The scope of review for a dismissal requires an examination of the pleadings, allowing them their broadest intendment, treating all facts alleged as true and construing the allegations favorably to the plaintiff. *Shockley v. Harry Sander Realty Company*, 771 S.W.2d 922, 924 (Mo.App. 1989). Since the trial court gave no reasons for the dismissal we assume it acted for the reasons presented in the motion to dismiss. *Id.*

In her first point on appeal, Appellant urges this Court to hold that the statute of limitations of the Missouri Human Rights Act was tolled during the time the same counts were pending in federal court under pendent jurisdiction. Appellant argues such a holding would further the objectives of judicial economy, convenience, and fairness without placing an undue burden on defendants because they would be on notice.

■ While there is authority in other jurisdictions to support Appellant's contentions, Missouri case law is well settled as to when a statute of limitations is tolled. Statutes of limitation are favored in the law, and cannot be avoided unless the party seeking to do so brings himself within an exception enacted by the legislature. *Langendoerfer v. Hazel*, 601 S.W.2d 290 (Mo. App.1980). Strict compliance is required with regard to specific statutory exceptions. *Neal v. Laclede Gas Company*, 517 S.W.2d 716, 719 (Mo.App.1974). Statutes of limitation may be suspended or tolled only by specific disabilities or exceptions enacted by the legislature, and courts cannot extend those exceptions. *Id.*

Section 213.111, RSMo 1986, the statute of limitations for the Missouri Human Rights Act, provides in pertinent part:

Any action brought in court under this section shall be filed within ninety days from the date of the commission's notification letter to the individual but no later than two years after the alleged cause occurred or its reasonable discovery by the alleged injured party.

Appellant contends that because she filed her federal court claim, which included her claim under the Missouri Human Rights Act, eighty-four days after the date of her Missouri notification letter, it equitably tolled the Section 213.111 statute of limitations for the period her case was pending in federal court. She further contends that the Missouri Human Rights Act is the same type of remedial statute for which courts have tolled the statute of limitations. *See, Midstate Oil Company v. Missouri Commission on Human Rights*, 679 S.W.2d 842, 849 (Mo. banc 1984).

■ Appellant asserts this is a case of first impression in Missouri; however, there are analogous cases rejecting her policy arguments. In *Langendoerfer, supra*, at 290, this Court held that the filing of a workers' compensation claim did not toll the statute of limitations applicable to common law negligence even though both actions were based upon the same operative facts. In so holding, this Court noted that even though claimant would have been entitled to only one recovery, the negligence action could have been pending at the same time as the workers' compensation action. *Id.*, at 290–291. Similarly, in this case Appellant's state action could have been pending, but stayed, until the outcome of the federal action.

■ There is a litigation exception to the statute of limitations, but courts have held the exception is available only "where a person is prevented from exercising his legal remedy by the pendency of legal proceedings." *Follmer's Market, Inc. v. Comprehensive Accounting Service Company*, 608 S.W.2d 457, 460 (Mo.App.1980). The exception is not available where the proceedings are "provoked, induced or promoted" by the party claiming the tolling. *Id.*

We, therefore, find that appellant's claim under the Missouri Human Rights Act was untimely. The trial court did not err in dismissing Appellant's claim based on the statute. Appellant's first point is denied.

■ In her second point on appeal, Appellant contends that her claim for negligent and/or intentional infliction of emotional distress should not have been dismissed. She notes that the Workers' Compensation Act extends only to the employer. Thus, Appellant's claim against Thanas, as an individual who was also an employee of the Employer, should not have been dismissed. Appellant's point is well taken as to her claim against Thanas. This Court has held that "the existence of a remedy against an employer, under the Workers' Compensation Act, would not bar a suit against a co-employee for an intentional tort." *Hollrah v. Freidrich,* 634 S.W.2d 221, 223 (Mo.App.1982). The trial court erred in dismissing the intentional tort claim against the individual defendant Thanas.

Appellant also contends the trial court should not have dismissed her tort claim against the Employer. She argues that sexual harassment lies outside the scope of the Workers' Compensation Act and that the incident complained of did not arise out of her employment.

■ The Workers' Compensation Act is substitutional, supplanting all other common-law rights of an employee if the Act applies. *State ex rel. McDonnell Douglas v. Ryan,* 745 S.W.2d 152, 153 (Mo. banc 1988). In all cases where it applies, the Workers' Compensation Act is exclusive. Whether or not a case comes within the provisions of the Act is a question of fact. *Id.,* at 154. A circuit court may determine whether the plaintiff was an "employee" but may not determine whether there was an "accident arising out of and in the course of employment." *Jones v. Jay*

*Truck Driver Training Center,* 709 S.W.2d 114, 115 (Mo. banc 1986). The employee/employer relationship here is not in dispute. The only issue, then, is whether the accident arose out of and in the course of employment.

■ The Labor and Industrial Relations Commission has sole jurisdiction over that issue. *Ryan,* 745 S.W.2d at 154.[2] Rule 55.27(g)(3) states that a court shall dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter." The trial court did not err in dismissing Appellant's tort claim against the Employer.

The dismissal of Appellant's claim under the Missouri Human Rights Act and the tort claim against her Employer is affirmed. The dismissal of her intentional tort claim against Thanas, as an individual, is reversed and remanded for further proceedings.

CARL R. GAERTNER, P.J., and SIMEONE, Senior Judge, concur.

---

2. Appellant devotes much of her argument on this issue to whether the accident arose out of her employment, one of the two tests set out in *Dillard v. City of St. Louis,* 685 S.W.2d 918, 921 (Mo.App.1984). A claimant's accident must both arise out of and in the course of employ-

ment. *Id. Dillard* is a review of a Commission decision. In this case the Labor and Industrial Relations Commission has not determined whether the facts give the Commission jurisdiction under the Workers' Compensation Act.