**H.H. ROBERTSON COMPANY, CUPPLES PRODUCTS DIVISION, Plaintiff,**

v.

**V.S. DiCARLO GENERAL CONTRACTORS, INC., Defendant.**

No. 88–1059C(6).

United States District Court, E.D. Missouri, E.D.

April 15, 1992.

Charles A. Weiss, Bryan, Cave, McPheeters and McRoberts, St. Louis, Mo., for plaintiff.

Jeffrey Kalinowski, Mark S. Packer, Richard Pautler, Peper, Martin, Jensen, Maichel, & Hetlage, St. Louis, Mo., Ernest H. Fremont, Jr., Wm. Dirk Vandever, Stephen Caruso, Kansas City, Mo., for defendant.

## MEMORANDUM

GUNN, District Judge.

This matter is before the Court on plaintiff H.H. Robertson Company, Cupples Product Division's (Cupples) motion for creditor's bill in equity to enforce the judgment in favor of Cupples against defendant V.S. DiCarlo General Contractors, Inc. (DiCarlo), entered on July 2, 1990, in the amount of $373,039.46 on the breach of contract claim and $25,664.94 on the quantum meruit claim.[1] DiCarlo filed a notice of appeal but did not post a supersedeas bond. Accordingly, Cupples executed on DiCarlo's property to satisfy its judgment by garnishing DiCarlo's bank accounts at United Missouri Bank, Merchants Bank and Johnson County Bank in Kansas City in addition to garnishing the related DiCarlo companies and partnerships by seizing construction trailers and other vehicles belonging to DiCarlo. Cupples has also obtained a charging order on DiCarlo's interest in Rivergate Associates, a real estate partnership. These efforts resulted in the collection of $4,793.06 against the judgment. After instituting supplementary post-judgment discovery, Cupples discovered that DiCarlo claims that it has no further assets subject to execution.

Pursuant to Rule 69(a) of the Federal Rules of Civil Procedure and pursuant to the practice and procedure of the State of Missouri relating to proceedings in aid of execution, Cupples seeks a creditor's bill as the traditional means in Missouri of executing on the assets of DiCarlo's alleged alter ego corporations. Cupples asserts that after the Court entered its judgment against DiCarlo, Vince DiCarlo transferred assets sufficient to pay the judgment from him to DiCarlo Construction Company (New DiCarlo) and to Delta Equipment Company (Delta) for only fictitious consideration, thereby fraudulently defeating the Court's judgment.

Rule 69(a), Fed.R.Civ.P., provides in relevant part:

> The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the State in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable.

Consequently this Court, in the absence of a controlling federal statute, has the same authority to aid judgment creditors in supplementary proceedings of execution as the Missouri state courts. *United States ex rel. Goldman v. Meredith*, 596 F.2d 1353, 1357 (8th Cir.), *cert. denied, Goldman v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 444 U.S. 838, 100 S.Ct. 76, 62 L.Ed.2d 50 (1979). Missouri law therefore controls as to the procedures applicable in the judgment enforcement proceedings and the alter ego doctrine. Fed.R.Civ.P. 69(a). As explained in *United States ex rel Goldman v. Meredith:*

> In general, a creditor's bill is considered the equitable equivalent of garnishment or execution and comparable to proceedings supplementary to and in aid of execution. By the means of a creditor's bill, a judgment creditor seeks to satisfy his judgment from property of the judgment debtor which is not subject to execution. Such relief is thus appropriate only upon a showing by the judgment creditor that he has no adequate legal remedy. Missouri case law indicates that this type of equitable relief is within the general equitable jurisdiction of Missouri state courts and further that it is a remedy "as comprehensive in scope and purpose as

---

[1]. The Eighth Circuit Court of Appeals reversed this portion of the judgment entered on the verdict for the quantum meruit award, as well as the prejudgment interest thereon, finding that the jury instruction given for Cupples' quantum meruit claim was erroneous. *H.H. Robertson Co. v. DiCarlo General Contractors, Inc.*, 950 F.2d 572 (8th Cir.1992).

the remedy provided by the statutory enactment in other states." (citations omitted).

*United States ex rel Goldman v. Meredith,* 596 F.2d at 1357. A judgment creditor may also use a creditor's bill as a means to discover the debtor's hidden assets and thereafter subject that property to the payment of the debt. *Shockley v. Harry Sander Realty Co.,* 771 S.W.2d 922, 924 (Mo.Ct.App.1989).

▨ Cupples seeks to pierce the corporate veil of DiCarlo and hold New DiCarlo and Delta liable on the Court's judgment entered on July 2, 1990 on the basis that DiCarlo is a subterfuge and the alter ego of New DiCarlo and Delta.

Ordinarily, two separate corporations are to be treated as wholly distinct legal entities even where one corporation owns part of or all of the other corporation. However, when one corporation exercises complete dominion and control over another and such control has been used to accomplish fraud or injustice or some unlawful purpose, the separate formal corporate structures will be disregarded and the corporate veil may be pierced. *Collet v. American Nat'l Stores, Inc.,* 708 S.W.2d 273, 283–84, 286 (Mo.Ct.App.1986) (citing *Lawton–Byrne–Bruner Ins. Agency Co. v. Stiers Bros. Const. Co.,* 186 S.W.2d 480, 484 (Mo.Ct.App.1945)). In such a case, the latter corporation can become a mere adjunct or alter ego of the first corporation. *Id.* at 283–84.

To pierce the corporate veil on an alter ego theory in Missouri, the moving party must show:

(1) Control, not mere majority or complete stock control, but complete domination, not only of finances, but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own; and

(2) Such control must have been used by the defendant to commit fraud or wrong, to perpetuate the violation of a statutory or other positive legal duty, or

dishonest and unjust act in contravention of plaintiff's legal rights; and

(3) The aforesaid control and breach of duty must proximately cause the injury or unjust loss complained of.

*Id.* at 284 (quoting *National Bond Finance Co. v. General Motors Corp.,* 238 F.Supp. 248, 255 (W.D.Mo.1964)); *Radaszewski v. Contrux, Inc.,* 891 F.2d 672, 674 (8th Cir.1989).

Applying the foregoing to this case, the Court concludes that Cupples has demonstrated that DiCarlo, New DiCarlo and Delta represent almost indistinguishable corporate entities as evidenced by their sharing the same corporate ownership, office, employees, equipment, business records and financial statements. Thus, Cupples pleaded sufficient facts to satisfy the first requirement for piercing the corporate veil. *Collet v. American Nat'l Stores, Inc.,* 708 S.W.2d at 284.

The Court further finds that the allegations in Cupples' motion for a creditor's bill are, if true, sufficient to state a claim upon which equitable relief may be granted. The Court also finds that piercing the corporate veil of DiCarlo and holding New DiCarlo and Delta liable for this Court's judgment is appropriate under the facts of this case. DiCarlo is a subterfuge and the alter ego of New DiCarlo and Delta. This is evidenced by the DiCarlo family's exercising complete control over DiCarlo, New DiCarlo and Delta and causing the transfer of substantially all of DiCarlo's assets, employees and contracts to these two corporations without consideration. Consequently, DiCarlo was undercapitalized and unable to meet the financial obligation owing under the subcontract with Cupples. Thus, Cupples has met the second and the third requirements for piercing the corporate veil. *Id.*

The Court therefore concludes that DiCarlo used the alleged separateness of New DiCarlo and Delta as a subterfuge to defraud Cupples from collecting on its judgment. A review of the record in this case indicates that Cupples has no adequate legal remedy available to it at this time. Accordingly, the Court will grant

Cupples' requested relief so as to enforce this Court's judgment of July 2, 1990, as affirmed by the Eighth Circuit, against New DiCarlo and Delta by finding these entities serve as the alter ego of DiCarlo and are therefore subject to execution on this Court's judgment.

The Court also finds that DiCarlo's motion to dismiss is without merit. *Shockley v. Sander,* 720 S.W.2d 418, 421 (Mo.Ct.App. 1986); *Shockley v. Harry Sander Realty Co.,* 771 S.W.2d at 924; *General Grocer Co. v. Ahlemeier,* 627 S.W.2d 61, 64 (Mo. Ct.App.1981); *Peerless Industries, Inc. v. Estes,* 779 S.W.2d 332, 333 (Mo.Ct.App. 1989).

## ORDER

Pursuant to the memorandum filed on this date herein,

IT IS HEREBY ORDERED that plaintiff's motion for creditor's bill in equity shall be and it is granted.

IT IS FURTHER ORDERED that defendant's motion to dismiss shall be and it is denied.