994 F.2d 476
 H.H. ROBERTSON COMPANY, CUPPLES PRODUCTS DIVISION, Plaintiff-Appellee,
v.
V.S. DiCARLO GENERAL CONTRACTORS, INC., Defendant,
DiCarlo Construction Company; Delta Equipment Company,
Intervenors-Appellants.
 No. 92-2475.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 13, 1993.
Decided May 28, 1993.
 
 Kevin Glynn, Kansas City, MO, argued (Kristin Altice, on the brief), for intervenors-appellants.
 Charles Weiss, St. Louis, MO, argued (Douglas King, on the brief), for plaintiff-appellee.
 Before JOHN R. GIBSON, Circuit Judge, HEANEY, Senior Circuit Judge, and BOWMAN, Circuit Judge.
 JOHN R. GIBSON, Circuit Judge.
 
 
 1
 DiCarlo Construction Company and Delta Equipment Company appeal from the district court's[1] order holding DiCarlo and Delta liable under a creditor's bill in equity for a judgment obtained by the Cupples Products Division of H.H. Robertson Company against a related corporation, V.S. DiCarlo General Contractors, Inc.[2] DiCarlo Construction and Delta argue that the district court lacked jurisdiction to hold them liable as garnishees under the creditor's bill because they were not named as parties in the underlying action. We affirm the district court's order.
 
 
 2
 Cupples obtained a judgment against V.S. DiCarlo in 1990. H.H. Robertson Co. v. V.S. DiCarlo Gen. Contractors, 789 F.Supp. 998, 999 (E.D.Mo.1992). When Cupples attempted to enforce the judgment, it discovered that substantially all of V.S. DiCarlo's assets had been transferred to two related corporations: DiCarlo Construction and Delta. Id. Cupples then sought a creditor's bill in equity, a remedy available under Missouri law for judgment creditors seeking to discover and execute a judgment against a debtor's hidden assets. Id. In essence, Cupples asked the district court to pierce the corporate veil and hold that DiCarlo Construction and Delta were V.S. DiCarlo's "alter egos" and thus liable for the judgment against V.S. DiCarlo. Id. at 999-1000.
 
 
 3
 The district court found that V.S. DiCarlo, DiCarlo Construction, and Delta were "almost indistinguishable corporate entities," that V.S. DiCarlo is "a subterfuge and the alter ego of" DiCarlo Construction and Delta, and that V.S. DiCarlo had "used the alleged separateness" of DiCarlo Construction and Delta "to defraud Cupples from collecting on its judgment."[3] Id. at 1000. The court granted Cupples' request for relief and denied V.S. DiCarlo's motion to dismiss the creditor's bill. Id. at 1001. DiCarlo Construction and Delta then tried to intervene in the case for the purpose of contesting jurisdiction on the ground that neither DiCarlo Construction nor Delta were parties to the original action. The district court denied their motion to intervene as moot. H.H. Robertson Co. v. V.S. DiCarlo Gen. Contractors, No. 88-1059C(6) (E.D.Mo. May 11, 1992).
 
 
 4
 The single issue on appeal is whether the district court erred in granting the creditor's bill and in enforcing the judgment against DiCarlo Construction and Delta. DiCarlo Construction and Delta argue that, because they were never named as parties in the original suit against V.S. DiCarlo, the court lacked jurisdiction over them in these post-judgment proceedings. They also argue that the garnishment summons served on them after Cupples requested the creditor's bill was insufficient notice, and that they never had a proper opportunity to contest the court's jurisdiction.
 
 
 5
 In the absence of a controlling federal statute, the district court "has the same authority to aid judgment creditors in supplementary proceedings as that which is provided to state courts under local law." United States ex rel. Goldman v. Meredith, 596 F.2d 1353, 1357 (8th Cir), cert. denied sub nom. Goldman v. Merrill Lynch, Pierce, Fenner & Smith, 444 U.S. 838, 100 S.Ct. 76, 62 L.Ed.2d 50 (1979). We have recognized the availability of the creditor's bill in equity under Missouri law. See id.
 
 
 6
 In Missouri, the creditor's bill enables a judgment creditor to "trace the value of the goods and services rendered to an empty-shell corporation to the parties behind such a corporation who have received and benefited from the property or services." Shockley v. Harry Sander Realty Co., 771 S.W.2d 922, 925 (Mo.Ct.App.1989). In Shockley, the court rejected the argument that the lack of a judgment against the "alter ego" entities precluded the issuance of a creditor's bill and held instead that "the judgment required as a precursor to a creditor's bill is one against the original debtor, not against the party wrongfully in possession of the judgment debtor's assets." Id.
 
 
 7
 In this case, Cupples obtained a judgment against V.S. DiCarlo, who then became the "original debtor." After exhausting its legal remedies against V.S. DiCarlo, Cupples sought the creditor's bill to reach beyond the empty shell of V.S. DiCarlo to its alter egos, DiCarlo Construction and Delta. The fact that DiCarlo Construction and Delta were not themselves either judgment debtors or parties in the original action is irrelevant. The creditor's bill in equity is a specific remedy intended to address this exact situation. The holding in Shockley squarely rejects any requirement that all the creditor's bill garnishees be named as parties in the original action.[4] DiCarlo's due process arguments are irrelevant here because the cases DiCarlo cites, including Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 89 S.Ct. 1562, 23 L.Ed.2d 129 (1969), do not discuss equitable post-judgment remedies like the creditor's bill. The district court correctly applied Missouri law in granting Cupples' request for a creditor's bill.
 
 
 8
 DiCarlo Construction and Delta also argue that they had insufficient notice of the enforcement of the judgment through the creditor's bill in equity. This argument is without merit. Cupples named DiCarlo Construction and Delta as garnishees under the creditor's bill and served both of them with a garnishee's summons on August 30, 1991. DiCarlo Construction and Delta, as garnishees, answered interrogatories on October 2, 1991. Cupples served copies of relevant pleadings describing the creditor's bill procedure on DiCarlo and Delta's counsel.[5] DiCarlo Construction and Delta had notice that they were being subjected to the creditor's bill procedure, and had an ample opportunity to fully present their defenses before the court's April 15, 1992 order.
 
 
 9
 Finally, because we affirm the district court's order granting the creditor's bill remedy, we also conclude that the district court did not err in denying DiCarlo Construction and Delta's motion to intervene.
 
 
 10
 We affirm the orders of the district court.
 
 
 
 [1]
 The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri
 
 
 [2]
 We refer to V.S. DiCarlo General Contractors, Inc. as "V.S. DiCarlo," to DiCarlo Construction Company as "DiCarlo Construction," and to Delta Equipment Company as "Delta."
 
 
 [3]
 DiCarlo Construction and Delta do not dispute these factual determinations on appeal
 
 
 [4]
 DiCarlo Construction and Delta claim, without specific citation, that Shockley supports their argument. They accomplish this only by conflating the two published opinions in Shockley, misstating the procedural history of the case, and ignoring the holding cited above. See Shockley, 771 S.W.2d at 923-25; Shockley v. Sander, 720 S.W.2d 418 (Mo.Ct.App.1986)
 
 
 [5]
 In fact, Cupples not only served copies of these pleadings on DiCarlo Construction and Delta's counsel as indicated by their responses to the garnishee's interrogatories, but also provided copies to other attorneys presently or formerly representing the various DiCarlo corporations