904 F.Supp. 983 (1995)
Betty HARTMAN, Plaintiff,
v.
SMITH & DAVIS MANUFACTURING COMPANY, Everest-Jennings International, Ltd., and Amedco Health Care, Defendants.
No. 4:94cv1945JCH.
United States District Court, E.D. Missouri, Eastern Division.
October 5, 1995.
*984 John J. Allan, St. Louis, MO, Althea P. Johns, St. Louis, MO, for Betty Hartman.
Thomas O. McCarthy, Partner, Shelley M. Roither, McMahon and Berger, St. Louis, MO, for Smith & Davis Manufacturing Company, Amedco Health Care.
Thomas O. McCarthy, Partner, McMahon and Berger, St. Louis, MO, for Everest-Jennings International Ltd.

MEMORANDUM AND ORDER
HAMILTON, Chief Judge.
This matter is before the Court pursuant to Defendants' Motion to Dismiss and/or for Summary Judgment. Defendants also request the Court to strike Plaintiff's jury demand in Count I of her Complaint. Plaintiff opposes this motion. As neither party has submitted materials outside of the pleadings, the Court declines to treat the pending motion as a motion for summary judgment.
On October 4, 1994 Plaintiff Betty Hartman, a former employee of Defendant Amedco Health Care, Inc. (hereinafter "Amedco), commenced this action based on Defendants' alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., "42 U.S.C.1981" (Complaint, p. 4), and the Missouri Human Rights Act, RSMo. § 213.010, et seq. Plaintiff claims that Defendants terminated her on October 22, 1990 on the basis of her sex. Plaintiff was pregnant at the time of her discharge and claims that Defendants terminated her based on their belief that her pregnancy would prevent Plaintiff from performing several of her job responsibilities. With respect to her Title VII claim, Plaintiff seeks back pay and value of lost employment benefits. With respect to Counts II and III, Plaintiff seeks punitive damages for Defendants' willful conduct, and compensatory damages for "emotional pain and suffering"

LEGAL STANDARD
In passing on a motion to dismiss, a court must view the allegations in the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). A cause of action should not be dismissed for failure to state a claim unless, from the face of the complaint, it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d *985 80 (1957); Jackson Sawmill Co., Inc. v. United States, 580 F.2d 302, 306 (8th Cir.1978), cert. denied, 439 U.S. 1070, 99 S.Ct. 839, 59 L.Ed.2d 35 (1979).
Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir.1982).

MOTION TO DISMISS

I. Request to Strike Jury Demand
In the pending motion, Defendants request the Court to strike Plaintiff's demand for a jury trial on grounds that although the Civil Rights Act of 1991 provides for a jury trial, it does not apply retroactively to conduct that occurred before November 21, 1991. See § 102 of the Civil Rights Act (CRA or "the Act") of 1991, enacted November 21, 1991. Pub.L. No. 102-166, 105 Stat. 1071 (1991) (Section 102 codified at 42 U.S.C. § 1981a (West Supp.1994)). Since the conduct at issue occurred before November 5, 1991, the Defendant argues that § 102 does not apply.
Defendant is correct. In Landgraf v. USI Film Products, ___ U.S. ___, ___, 114 S.Ct. 1483, 1508, 128 L.Ed.2d 229 (1994), the U.S. Supreme Court held that § 102 of the CRA of 1991 does not apply to conduct that occurred prior to November 21, 1991. The Court first found no explicit Congressional intent that the statute be applied retroactively. Id. at ___-___, ___, 114 S.Ct. at 1494-1496, 1496. Section 402(a) of the CRA states that the Act "shall take effect upon enactment." Id. at ___, 114 S.Ct. at 1493. The legislative history further revealed that the President had vetoed a 1990 civil rights bill which explicitly required retroactivity. Id. at ___, ___, 114 S.Ct. at 1491, 1492. Thus, the Court determined that Congress' intent was to apply the 1991 Act only prospectively. Id. at ___, 114 S.Ct. at 1492.
The Court next applied the traditional presumption against statutory retroactivity. The Court reasoned that § 102(b)(1), which authorizes punitive damages, would raise fairness and ex post facto problems if applied retroactively to pre-enactment conduct. Id. at ___, 114 S.Ct. at 1505. Similarly, § 102(a)(1), authorizing compensatory damages, creates a new remedy and, if applied retroactively, would disturb employers' settled expectations of the Act's scope. Id. at ___, 114 S.Ct. at 1506.
The Court explained that jury trials are ordinarily considered procedural, rather than substantive, and might be expected to apply to all cases filed after the effective date of the Act, "regardless of when the underlying conduct occurred." Id. at ___, 114 S.Ct. at 1505. However, the Court held that since § 102(c) "makes a jury trial available only `if a complaining party seeks compensatory or punitive damages', the jury trial option must stand or fall with the attached damages provisions." Id. at ___, 114 S.Ct. at 1505.
Here, the alleged discrimination antedated the statute's enactment, and thus Plaintiff cannot benefit from § 102.[1] Plaintiff has no right to a jury trial under Title VII for conduct occurring before November 21, 1991. Harmon v. May Broadcasting Co., 583 F.2d 410 (8th Cir.1978). Therefore, the Court will strike Plaintiff's demand for a jury trial.

II. Motion to Dismiss as to Count II
In Count II, Plaintiff alleges that Defendants' conduct violated "42 U.S.C. § 1981." In her opposition to Defendants' Motion to Dismiss, Plaintiff explains that her Complaint contains a typographical error and that Count II is based on 42 U.S.C. § 1981a[2] *986 as opposed to 42 U.S.C. § 1981.[3] Plaintiff has not filed a motion to amend her Complaint but has indicated her willingness to do so if the Court deems necessary. The Court finds it unnecessary for Plaintiff to amend her Complaint to correct the typographical error. The Court would dismiss Count II of Plaintiff's Complaint even if the error were corrected because Plaintiff is not entitled to punitive and compensatory damages for emotional distress under § 1981a. In their reply to Plaintiff's opposition, Defendants argue that Count II of Plaintiff's Complaint should be dismissed if it is based on 42 U.S.C. § 1981a. As discussed above, the conduct at issue in this case arose prior to the enactment of § 102. Plaintiff has no right to recover punitive or compensatory damages for emotional distress for pre-enactment Title VII violations. Cook v. Foster Forbes Glass, 776 F.Supp. 1391, 1393 (E.D.Mo.1991). Accordingly, the Court will grant Defendant's Motion to Dismiss Count II.

III. Motion to Dismiss as to Count III
Defendants move to dismiss Count III, based on the Missouri Human Rights Act, on grounds that Plaintiff's claim is time-barred. The Missouri Human Rights Act contains a two-year statute of limitations. RSMo § 213.111.1. Section 213.111.1 provides in relevant part that:
Any action brought in court under this section shall be filed within ninety days from the date of the commission's notification letter to the individual but no later than two years after the alleged cause occurred or its reasonable discovery by the alleged injured party.
RSMo § 213.111.1 (emphasis added) In this case, the "alleged cause" occurred on October 22, 1990, the date on which Plaintiff claims she was terminated on the basis of her sex. Plaintiff filed this suit on October 4, 1994, nearly four years after the conduct at issue. Plaintiff claims that statute of limitations was tolled pursuant to the litigation exception. Plaintiff claims that she was prevented from filing the instant action "by the pendency of the Administrative Process before the Missouri Commission on Human Rights." (Plaintiff's Opposition, p. 5) In support of her tolling claim, Plaintiff cites Hill v. John Chezik Imports, 797 S.W.2d 528, 530 (Mo.Ct.App.1990). Plaintiff's reliance on Hill is misplaced. In Hill, the court affirmed the dismissal of plaintiff's Missouri Human Rights Act claim as untimely. Id. at 531. The court rejected plaintiff's claim that the litigation exception tolled the statute of limitations during the time her claim was pending in federal court. The court explained that the litigation exception is available to toll the statute of limitations "`where a person is prevented from exercising his legal remedy by the pendency of legal proceedings.'" Id. at 530 (quoting Follmer's Market, Inc. v. Comprehensive Accounting Service Co., 608 S.W.2d 457, 460 (Mo.Ct.App. 1980)). A plaintiff cannot rely on the litigation exception "where the proceedings are `provoked, induced, or promoted' by the party claiming the tolling." Id. (quoting Follmer's, 608 S.W.2d at 460).
Based on the foregoing principles, the litigation exception is unavailable to Plaintiff in this action. Plaintiff initiated the proceedings with the Missouri Commission on Human Rights. Moreover, Plaintiff could have commenced her federal action during the pendency of the administrative proceedings. Section 213.111.1 permits a charging party, at any time after 180 days from the filing of a *987 charge, to request a Right to Sue Letter that would permit the party to commence a civil action based on the MHRA. Accordingly, the pendency of administrative proceedings did not prevent Plaintiff from commencing her federal action. Plaintiff's failure to timely file the instant claim under the MHRA requires this Court to dismiss that claim. Hill, 797 S.W.2d at 531.

IV. Motion to Dismiss as to Defendant Everest-Jennings
Finally, Defendants move to dismiss Plaintiff's claims against Defendant Everest-Jennings on grounds that Everest-Jennings is not a proper party under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq because it was not Plaintiff's employer. Plaintiff claims that Everest-Jennings is "the owner of and holding company for Smith & Davis and Amedco." (Complaint, ¶ 4) Plaintiff further claims that "some time in 1994 Everest-Jennings International and Smith & Davis Manufacturing Company acquired Amedco Health Care, Inc. and succeeded to its business, taking over all of its assets and liabilities, and continuing to operate the business as if no change had taken place." (Complaint, ¶ 4, 5) A parent relationship alone is insufficient to impose liability on Everest-Jennings as Plaintiff's employer. See Leichihman v. Pickwick International, 814 F.2d 1263 (8th Cir.1987) (ADEA claim), cert. denied, 484 U.S. 855, 108 S.Ct. 161, 98 L.Ed.2d 116 (1987);[4]Watson v. Gulf & Western Industries, 650 F.2d 990, 993 (9th Cir.1981). Plaintiff does not allege that Everest-Jennings participated in or influenced the employment practices of Amedco. Leichihman, 814 F.2d at 1268. The Court finds that Plaintiff's allegations are insufficient to state a claim against Defendant Everest-Jennings. Accordingly, the Court will dismiss Plaintiff's claims against Everest-Jennings. In Accordance with the foregoing,
IT IS HEREBY ORDERED that Defendants' Motion to Dismiss [docket # 5-1] is GRANTED and that Defendants' Motion for Summary Judgment is DENIED [docket # 5-2] without prejudice.
IT IS FURTHER ORDERED that Plaintiff's jury demand is stricken.
NOTES
[1] A distinction may be made that Landgraf involved a suit pending on appeal before the enactment date, whereas here, Plaintiff filed the suit after the Act was passed. Nonetheless, since the Supreme Court has deemed the § 102 jury trial as substantive rather than procedural in nature, contrary to Plaintiff's assertion, the key date is that of the alleged conduct and not of the filing of the suit.
[2] 42 U.S.C. § 1981a is the codification of § 102 of the Civil Rights Act (CRA or "the Act") of 1991, enacted November 21, 1991. Pub.L. No. 102-166, 105 Stat. 1071 (1991). For convenience, the Court will cite § 102.
[3] Count II of Plaintiff's Complaint alleges a violation of 42 U.S.C. § 1981 based on sex discrimination. Although Plaintiff indicates that she intended Count II to allege a violation of § 1981a, the Court will address Plaintiff's § 1981 claim. To the extent Plaintiff appears to claim a violation of § 1981, her claim fails. Section 1981 is limited to claims of race discrimination and does not encompass claims of sex discrimination. Plaintiff's claim is based only on sex discrimination, nowhere does Plaintiff, claim that Defendants discriminated against her on the basis of race. "[T]he absence of an allegation of racial discrimination such as in the instant case is fatal to a cause of action brought under 42 U.S.C. § 1981 because the applicability of that section is clearly limited to racial discrimination. It does not pertain to discrimination on the grounds of ... sex." Olson v. Rembrandt Printing Co., 375 F.Supp. 413 (E.D.Mo.1974), aff'd., 511 F.2d 1228 (8th Cir.1975) (citing Jones v. Alfred H. Mayer Co., 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968). Accordingly, the Court will dismiss Count II of Plaintiff's Complaint for failure to state a claim.
[4] Courts have analogized Title VII and the ADEA. See Lenhardt v. Basic Institute of Technology, 55 F.3d 377 (8th Cir.1995).