**Janice BYRD, Plaintiff,**

v.

**Cassandra A. PYLE, et al., Defendants.**

**Civ. No. 87–3547(CRR).**

United States District Court,
District of Columbia.

Sept. 1, 1989.

Robert Bell, Washington, D.C., for plaintiff.

Carl Vogt, Sally Paxton, Fulbright & Jaworski, Washington, D.C., for defendants.

## MEMORANDUM OPINION AND ORDER

CHARLES R. RICHEY, District Judge.

On June 15, 1989, the United States Supreme Court decided *Patterson v. McLean Credit Union,* — U.S. —, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989). The Court's decision in *Patterson* fundamentally altered the right of action conferred in 42 U.S.C. § 1981, which provides in pertinent part that "[a]ll persons ... shall have the same right in every State and Territory to make and enforce contracts." The plaintiff originally brought this action in 1987, claiming that the defendants violated § 1981 by failing to promote her on account of her race. The question presently before the Court is whether *Patterson* so restricts the § 1981 cause of action as to preclude plaintiff's claim. The Court holds that it does.

In the employment context, *Patterson*'s central holding is that § 1981 only pertains to (and thus only creates a cause of action for) discriminatory refusals to enter into employment relationships. After *Patterson,* § 1981 does not regulate discrimination in the terms and conditions of employment. 109 S.Ct. at 2374. Yet, *Patterson* also considered the question of promotions in the § 1981 context, stating that "whether a promotion claim is actionable under § 1981 depends upon whether the nature of the· change in position was such that it involved the opportunity to enter into a new contract with the employer." The Court went on: "Only where the promotion rises to the level of an opportunity for a new and distinct relation between the employee and the employer is such a claim actionable under § 1981. Cf. *Hishon v. King & Spaulding,* 467 U.S. 69, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984) (refusal of law firm to accept partnership)." Although this language is essentially dictum, the principle it states follows inexorably from the Court's core holding. Several courts have agreed, and have given the *Patterson* Court's comments the force of law in considering § 1981 promotion claims. *See Mallory v. Booth Refrigeration Supply Co.,* 882 F.2d 908, (4th Cir.1989); *Lynch v. Belden and Co., Inc.,* 882 F.2d 262, 267 (7th Cir.1989) (noting that plaintiff's promotion claims "may not be actionable" under § 1981); *Williams v. National Railroad Passenger Corp.,* 716 F.Supp. 49, 50–51 (D.D.C.1989) (Revercomb, J.). This Court will do the same.

The issue is whether plaintiff's promotion from the position of Program Chief to Area Chief or Senior Associate, had it occurred, would have involved creation of the type of "new and distinct relation between the employee and employer" contemplated under *Patterson*. In other words, would such a promotion have triggered § 1981's protections through the birth of a fundamentally "new" contractual relationship? The Court is of the view that it would not.

It is conceded that the promotion at issue would have entailed greater responsibility and increased pay. In *Mallory v. Booth Refrigeration Co.*, 882 F.2d 908 (4th Cir. 1989), the Fourth Circuit, with little analysis, seems to have concluded that such a change triggers § 1981's protections. *Id.*, at 910 ("Promotion from clerk to supervisor with a consequent increase in responsibility and pay satisfies [the *Patterson*] test."). With due deference to the Fourth Circuit, however, this Court disagrees with *Mallory*, and is of the view that something more—something over and beyond a mere increase in pay and/or responsibility—is needed to create a cause of action under § 1981. Although the Court in *Patterson* spoke only in generalities, its comments unquestionably portend a *change* in the law; they make clear that not all promotions previously actionable under § 1981 will continue to be so. Yet, virtually all promotions involve enhanced responsibilities and increased pay. Consequently, were such a showing sufficient to survive *Patterson*, the Court's comments would be effectively eviscerated.

While this Court is comfortable in concluding that increased responsibility and pay, standing alone, do not establish the *Patterson* threshold, it is less comfortable in specifying precisely where that threshold lies. The Supreme Court's citation to *Hishon v. King & Spaulding*, 467 U.S. 69, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984), is significant. *Hishon* dealt with the "promotion" from law firm associate to partner. While the Court does not accept that a promotion need be as extraordinary as that in *Hishon* to trigger § 1981—given that the change from associate to partner is essentially that from employee to employer [1]—the cite to *Hishon* does suggest that some *fundamental* change is necessary. Without specifying precisely what that fundamental change must be,[2] the Court concludes that it is absent in this case.

The promotion from Program Officer for the Council for International Exchange of Scholars (CIES) to Area Chief unquestionably involves increased responsibility and compensation. Program Officers supervise various international scholars participating in the Fulbright Scholarship Program; the Area Chief, in turn, supervises the activities of the Program Officers in a given geographic region (here the Latin American/Caribbean division). The Area Chief reports to the CIES Deputy Director, who in turn reports to the Executive Director. *See* Exh. 1 to Def's Mem. (CIES organizational chart). The Area Chief's compensation exceeds that of a Program Officer by approximately $8,000 per year.

Yet, while such a change undoubtedly represents a move up the ladder, it does not, in the Court's view, involve the creation of a "new and distinct *relation*" between CIES and the promoted employee. Increased responsibilities and pay do not necessarily equate to an altered relationship between the hirer and the hired. They certainly do not in this case, where an Area Chief—while higher up the ladder than a Program Officer—is still relatively subordinate, and appears to enjoy no authority over organization-wide personnel, budget-

---

1. If such a change—from employee to employer—were required under § 1981, it would overlook the fact that *Patterson's* language clearly contemplates that the position to which the plaintiff sought promotion would still be an *employee* position. *See* 109 S.Ct. at 2377 (promotion must create "new and distinct relation between the *employee* and the *employer*") (emphasis added).

2. *Cf., Monsanto Co. v. Spray-Rite Service Corp.*, 465 U.S. 752, 765, 104 S.Ct. 1464, 1471, 79 L.Ed.2d 775 (1984) (unspecified "something more" than evidence of distributor complaints needed to prove vertical price fixing under the Sherman Act).

ary or organizational decisions. As compared to a Program Officer, an Area Chief has no "new and distinct" powers in terms of the organization as a whole—i.e., the employer—and no new "relation" with the employer can be said to have been created by such a promotion. Accordingly, in the Court's view, the promotion at issue here does not fall within § 1981's ambit after *Patterson,* and insofar as it seeks relief on this basis, plaintiff's complaint must be dismissed.[3]

██ Plaintiff contends that the Court should not dismiss the action as a whole, however, because she also seeks relief under the District of Columbia Human Rights Statute, D.C.Code § 1–2501, *et seq.* Yet, the Human Rights Statute does not provide an independent basis for federal jurisdiction, and it is well settled that when federal claims are dismissed from an action before trial, "the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state law claims." *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 108 S.Ct. 614, 619 n. 7, 98 L.Ed.2d 720 (1988). *See also Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966) ("if the federal claims are dismissed before trial ... the state claims should be dismissed as well"); *Long Distance Service of Washington, Inc. v. MCI Telecommunications Corp.,* 692 F.Supp. 1402, 1406 (D.D.C.1988) (Hogan, J.). The Court sees no why it should exercise its discretion in this case in a manner contrary to prevailing practice; plaintiff's claim under the Human Rights Statute shall be dismissed as well.[4]

In light of the foregoing, it is, by the Court, this 1st day of September, 1989,

ORDERED, that plaintiff's complaint shall be, and hereby is, dismissed and removed from the dockets of this Court.

---

**3.** Plaintiff's claim based upon the failure to promote her to the newly-created position of Senior Associate is subsumed within the analysis applicable to the Area Chief Position. Plaintiff's claim that she was denied the opportunity to apply for the position is foreclosed by *Patterson's* core holding: such a claim must be regarded as pertaining to a term or condition of employment. Yet, even were it not so regarded, and if such a claim were instead treated as a promotion claim, the position for which the right to apply was denied does not trigger a § 1981 promotion for the reasons discussed herein.

**4.** Plaintiff's complaint did not indicate in any way that jurisdiction was based upon diversity of citizenship; thus, given the manner in which the complaint was framed, the Court has no alternative but to treat the claim asserted under the Human Rights Statute as pendent state law claim.