723 F.Supp. 1344 (1989)
Wiley JOHNSON, Jr., Plaintiff,
v.
UNITED STATES ELEVATOR CORP., Defendant.
No. 88-2399C(6).
United States District Court, E.D. Missouri.
November 2, 1989.
Michael J. Hoare, Michael J. Hoare, P.C., St. Louis, Mo., for plaintiff.
Stephen Hoyne, Amelung, Wulff & Willenbrock, St. Louis, Mo., for defendant.

MEMORANDUM
GUNN, District Judge.
This matter is before the Court on defendant's motion for judgment on the pleadings with respect to Count II of plaintiff's complaint and plaintiff's motion to amend his complaint.
In this action plaintiff, Wiley Johnson, Jr., alleges that defendant, United States Elevator Corp., discharged him because of his race. In Count I of his complaint plaintiff seeks equitable relief pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. In Count II of his complaint plaintiff seeks "actual, compensatory and punitive damages" as well as damages for humiliation and mental distress pursuant to 42 U.S.C. § 1981.
Defendant moves for a judgment on the pleadings with respect to Count II contending that plaintiff's claims of discriminatory discharge are not actionable under 42 U.S.C. § 1981 in light of the United States Supreme Court's holding in Patterson v. McClean Credit Union, ___ U.S. ___, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989). In ruling on a motion for judgment on the pleadings, the Court is required to consider only those matters raised in the pleadings and to construe all well pleaded factual allegations of the non-moving party as true. Iowa Beef Processors, Inc. v. Amalgamated Meat Cutters of North America, 627 F.2d 853, 855 (8th Cir.1980). Applying this standard to plaintiff's § 1981 claim, the Court concludes that defendant is entitled to judgment as a matter of law. In Patterson the Supreme Court held that § 1981 "prohibits, when based on race, the refusal to enter into a contract with someone as well as the offer to maintain a contract only on discriminatory terms." Patterson, 109 S.Ct. at 2372. The statute does not extend, however, "to conduct by the employer after the contract relation has been established, including breach of the terms of the contract or imposition of discriminatory working conditions." Id. at *1345 2373. Therefore, the Court's holding in Patterson clearly establishes that plaintiff may not maintain an action for discriminatory discharge under 42 U.S.C. § 1981.
Apparently anticipating this Court's determination with respect to Count II, plaintiff seeks leave to amend his Title VII claim to include a demand for a jury trial and a prayer for punitive and emotional distress damages. The law of this circuit precludes plaintiff's proposed amendments. There is no right to a jury trial in Title VII cases because the remedies authorized by that statute are equitable in nature. 42 U.S.C. § 2000e-5(g). Catlett v. Missouri Highway & Transportation Comm'n, 828 F.2d 1260, 1263 (8th Cir.1987) (citing Harmon v. May Broadcasting, Inc., 583 F.2d 410, 410 (8th Cir. 1978). Although the Eighth Circuit Court of Appeals has not directly addressed the issue, the Circuits which have done so and the district courts in this circuit hold that punitive damages and damages for emotional distress are not recoverable under Title VII. Great American Federal Savings & Loan Assn. v. Novotny, 442 U.S. 366, 374-75 and n.17, 99 S.Ct. 2345, 2350 and n.19, 60 L.Ed.2d 957 (1979) (punitive damages not available under Title VII); Combs v. C.A.R.E., Inc., 617 F.Supp. 1011, 1012 (E.D. Ark.1985); Hybki v. Alexander & Alexander, Inc., 536 F.Supp. 483, 484-85 (W.D. Mo.1982) (and circuit court opinion cited therein). Accordingly, plaintiff's request for leave to amend his complaint to include the aforementioned elements is denied. This cause will be tried to the bench and plaintiff's recovery should he prevail will be limited to back pay or other equitable relief and costs or attorneys' fees as authorized under Title VII.

ORDER
Pursuant to the memorandum filed on this date herein,
IT IS HEREBY ORDERED that defendant United States Elevator Corp.'s motion for judgment on the pleadings with respect to Count II of plaintiff's complaint be and it is granted.
IT IS FURTHER ORDERED that plaintiff's motion to amend his complaint be and it is denied.