Lee COOK, Plaintiff,

v.

FOSTER FORBES GLASS, Defendant.

No. 91–1426 C (5).

United States District Court,
E.D. Missouri, E.D.

Nov. 8, 1991.

Samuel H. Liberman, Clayton, Mo., for plaintiff.

Thomas O. McCarthy, McMahon, Berger, Hanna, Linihan, Cody & McCarthy, St. Louis, Mo., for defendant.

## MEMORANDUM

LIMBAUGH, District Judge.

Plaintiff has brought this action alleging that he was discharged by defendant on account of his race in violation of 42 U.S.C. § 2000e *et seq.* (Title VII) and 42 U.S.C. § 1981. Plaintiff further alleges that defendant terminated him in order to prevent his eventual promotion from Machinist Operator Apprentice to Machinist Operator Journeyman. Plaintiff requests a jury trial

1392

and equitable and legal relief for his injuries including compensatory damages for alleged emotional injuries and punitive damages. Defendant moves for a Rule 12(b)(6) dismissal of the complaint as to a cause of action under § 1981 and to strike plaintiff's allegations and prayer regarding emotional injuries and punitive damages with respect to his Title VII claim. Defendant further moves to strike plaintiff's demand for a jury trial with respect to his Title VII claim.

■ In passing on a motion to dismiss, a court must view the facts alleged in the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Toombs v. Bell*, 798 F.2d 297, 298 (8th Cir.1986). The court should not grant a motion to dismiss merely because the complaint does not state with precision every element of the offense necessary for recovery. 5 Wright & Miller, *Federal Practice and Procedure: Civil*, Sec. 1216 at 120 (1969). A complaint is sufficient if it contains "allegations from which an inference can be drawn that evidence on these material points will be introduced at trial." *Id.* at 122–123. Moreover, a court should not dismiss a complaint unless it "appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson, supra,* 355 U.S. at 45–46, 78 S.Ct. at 102. Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." *Fusco v. Xerox Corp.*, 676 F.2d 332, 334 (8th Cir.1982). With this standard in mind, the Court turns to an examination of the plaintiff's complaint.

Plaintiff's complaint states two causes of action. First, plaintiff alleges that he was terminated for alleged absence which he claims had been approved by defendant. Plaintiff states that white employees had not been terminated under similar circumstances. Second, plaintiff alleges that the termination by defendant failed to provide the plaintiff, as an apprentice, the opportunity to be promoted and enter into a new contract with defendant as a journeyman. This failure to promote impaired plaintiff's ability to gain access to the rights and benefits he would have had as a journeyman under the Collective Bargaining Agreement.

*Discriminatory Discharge under § 1981*

■ The United States Supreme Court has recently settled the question of whether a claim for racially discriminatory termination is actionable under § 1981. In *Patterson v. McLean Credit Union*, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), the Court held that § 1981 is restricted in its scope and forbids discrimination in the "mak[ing] and enforce[ment]" of contracts. *Id.*, 109 S.Ct. at 2372. The Supreme Court specifically held that § 1981 "prohibits, when based on race, the refusal to enter into a contract with someone as well as the offer to maintain a contract only on discriminatory terms." *Id.*, 109 S.Ct. at 2372. The Court further noted that § 1981 "does not extend, as a matter of either logic or semantics, to conduct by the employer after the contract relation has been established, including breach of the terms of the contract or imposition of discriminatory working conditions." *Id.*, 109 S.Ct. at 2377. Since discriminatory termination does not involve the "formation of a contract" or "an opportunity to enter into a new contract with the employer" but rather is postformation conduct, then clearly under *Patterson*, discriminatory termination is not actionable under § 1981. *Patterson, supra; Taggart v. Jefferson County Child Support Enforcement Unit*, 935 F.2d 947, 948 (8th Cir.1991); *Johnson v. U.S. Elevator Corp.*, 723 F.Supp. 1344, 1345 (E.D.Mo. 1989).

Plaintiff cannot maintain an action for discriminatory discharge under 42 U.S.C. § 1981. The Court must grant defendant's motion to dismiss in reference to plaintiff's 1981 claim for discriminatory discharge.

*Failure to Promote under § 1981*

*Patterson* did leave the door open for some, not all, failure to promote claims to be actionable under § 1981. A claim for failure to promote is actionable under § 1981 if "the nature of the change in position was such that it involved the opportunity to enter into a new contract with the employer." *Patterson,* 109 S.Ct. at 2377. However, the Court warned the lower courts not to "strain in an undue manner the language of § 1981." *Id.,* 109 S.Ct. at 2377.

Although *Patterson* enunciated the "new and distinct relation" test for failure to promote claims, the Court failed to provide the criteria for the test. Consequently, the lower courts have applied the test on a case-by-case basis as to whether a particular promotion satisfies the test. *See, Hishon v. King & Spalding,* 467 U.S. 69, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Malhotra v. Cotter & Co.,* 885 F.2d 1305 (7th Cir. 1989); *Mallory v. Booth Refrigeration Supply Co.,* 882 F.2d 908 (4th Cir.1989); *Byrd v. Ryle,* 728 F.Supp. 1 (D.D.C.1989); *Williams v. Nat'l. Railroad Passenger Corp.,* 716 F.Supp. 49 (D.D.C.1989), *aff'd.* 901 F.2d 1131 (D.C.Cir.1990).

In the present case, this Court does not need to address the issue as to whether plaintiff's failure-to-promote claim involves the opportunity to enter into a new contract. When plaintiff was terminated, he was an apprentice machinist operator who was not yet qualified to become a journeyman machinist operator. Plaintiff admits that he needed at least 200 more hours (as an apprentice) in order to qualify for a promotion to journeyman. Consequently, there was no "promotion" denied at the time of termination. Adhering to the Supreme Court's admonition to refrain from "strain[ing] in an undue manner the language of § 1981", *Patterson,* 109 S.Ct. at 2377, this Court refuses to find that a discharge which prevents a party from becoming qualified for a promotion, at some future point in time, constitutes an actionable claim under § 1981.

Plaintiff's claim involves termination, not failure to promote. In a similar situation, the Fifth Circuit aptly reasoned:

> Of course, like all terminations, this termination precludes any possibility of future promotion and an opportunity to enter into a new contract. But until the plaintiff has actually qualified and applied for a promotion, a termination does not involve the opportunity to enter into a new contract.

*Lavender v. V. & B. Transmissions and Auto Repair,* 897 F.2d 805 (5th Cir.1990). This Court wholeheartedly agrees with the reasoning of the Fifth Circuit and believes that plaintiff's failure-to-promote claim must also fail.

The Court believes, furthermore, that plaintiff's complaint fails to allege that defendant, in any way, impaired plaintiff's access (either presently or in the future) to grievance procedures and remedies under the Collective Bargaining Agreement. Plaintiff fails to allege any acts by defendant which denied him access to grievance procedures and remedies available to plaintiff as an apprentice. Plaintiff's argument as to denial of rights as a journeyman is without merit because plaintiff was not a journeyman at the time of his termination. Defendant cannot be held liable for denying plaintiff something of which he was not entitled to receive. Finally, as demonstrated by plaintiff's lawsuit, he has not been denied any right to enforce any contract through legal process. *See, Lavender, supra.*

Thus, plaintiff's complaint fails to state any actionable claim under 42 U.S.C. § 1981.

*Title VII*

Since plaintiff's complaint fails to state a cause of action under § 1981 and plaintiff concedes that neither emotional nor punitive damages are awardable under Title VII, and that he is not entitled to a jury trial under Title VII, the Court will grant defendant's motion to strike the allegations and prayer regarding emotional injuries and punitive damages, and the demand for a jury trial.

**1394**

This cause will be tried to the bench and plaintiff's recovery, should he prevail, will be limited to back pay or other equitable relief and costs or attorneys' fees as authorized under Title VII.