40 F.3d 474
 309 U.S.App.D.C. 218
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Brooke E. WHITING, Plaintiff/Appellant,
v.
PORTER/NOVELLI, Defendant/Appellee.
 No. 93-7216.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 28, 1994.
Rehearing Denied Dec. 9, 1994.
 
 Before: WALD, SENTELLE, and ROGERS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral argument of the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 36(b). It is
 
 
 2
 ORDERED AND ADJUDGED that the judgment for defendant be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.
 
 ATTACHMENT
 MEMORANDUM
 
 4
 For substantially the reasons set forth in the opinion of the district court, we affirm the grant of summary judgment to appellee. Although this appeal involves several issues concerning the firing and failure to promote appellant, we focus briefly on only two.[1]
 
 
 5
 First, in concluding that appellant had failed to demonstrate a material issue of disputed fact with regard to her firing, the district court did not explicitly address a point emphasized by appellant on appeal, namely, the timing of her firing. Appellant maintains that a material issue of disputed fact arises from the evidence that at the time of her dismissal, the person who had recommended her termination was unaware of the firm's plans for a reduction in force. Appellant contends that her firing was therefore not part of the reduction as appellee claims.
 
 
 6
 However, as the district court found, it was undisputed that the group in which appellant worked was dissolved. That appellant's immediate supervisor acted without knowledge of her own superior's plans when she recommended appellant's dismissal did not mean appellant's firing was not part of the planned reduction. Indeed, the undisputed evidence of record with respect to the dissolution of the Corporate Research Group can only be viewed as lending weight to the inference that appellant's firing was part of appellee's reduction in force and not motivated by discrimination. Therefore, contrary to appellant's contention at oral argument, neither the inference arising under St Mary's Honor Center v. Hicks, 113 S.Ct. 2742, 2749 (1993), nor that suggested by EEOC v. Lilja Constr. Corp., 62 FEP Cases 1192, 1196-97 (N.D.Cal.1993), suffice to overcome the insufficiency of the proffered evidence to show that a disputed issue was presented. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).
 
 
 7
 Second, appellant has not alleged facts sufficient to support her Sec. 1981 claim that she was denied the opportunity for a "new and distinct relationship" with appellee. See Patterson v. McLean Credit Union, 491 U.S. 164, 185-86 (1989); see also Byrd v. Pyle, 728 F.Supp. 1, 2-3 (D.D.C.1989) (dictum), vacated on other grounds, 902 F.2d 962 (D.C.Cir.1990). While the step up in title from "vice president" to "senior vice president" facially suggests a change, Mr. Gould's testimony, upon which appellant principally relies, does not corroborate appellant's claim that her responsibilities would have substantially increased as senior vice president. Cf. Hishon v. King & Spaulding, 467 U.S. 69 (1984). Rather, the evidence on which appellant relies in her brief, at Appendix 322 and 386, supports appellee's contention that both the vice presidency and the senior vice presidency were considered similarly important positions for "officers" of the company.
 
 
 8
 Accordingly, for these and other reasons stated in the opinion of the district court, we affirm the grant of summary judgment to appellee.
 
 
 
 [1]
 At one point, the district court's opinion appears to refer to an inappropriate standard with respect to appellant's burden of production at summary judgment. See Supp.App. 564 ("Once defendant has articulated a nondiscriminatory reason for termination, the burden shifts once again to plaintiff to show by a preponderance of the evidence that defendant's asserted reason was merely pretextual."). However, this sentence appears in a summary of the substantive law and, contrary to appellant's contention, we are satisfied that it was not applied by the district court in actually determining whether appellant had demonstrated that there were material issues of fact that would preclude the grant of summary judgment. See, e.g., Supp.App. 565