649 F.Supp. 52 (1986)
Donald R. LOUGHRIDGE, Plaintiff,
v.
OVERNITE TRANSPORTATION COMPANY, Defendant.
No. 86-00914C(6).
United States District Court, E.D. Missouri, E.D.
December 15, 1986.
*53 Frederick M. Steiger, Clayton, Kerfeld & Steiger, St. Louis, Mo., for plaintiff.
John J. Gazzoli, Jr., Lewis & Rice, St. Louis, Mo., for defendant.

MEMORANDUM
GUNN, District Judge.
This case is before the Court on the motion of defendant Overnite Transportation Company (Overnite) for summary judgment on plaintiff's complaint. Upon consideration of the record, the Court concludes that the undisputed facts support a judgment for defendant on all counts as a matter of law. The Court therefore grants defendant's motion pursuant to Rule 56(c).
Plaintiff Donald R. Loughridge brought this four-count complaint seeking damages for injuries allegedly suffered in a motor vehicle accident in which he was involved while employed by Overnite (Count I) and for his alleged wrongful discharge by defendant subsequent to that accident (Count III). Plaintiff further seeks to recover punitive damages on each count.
The pleadings and supplemental materials filed by the parties establish the following undisputed facts:
Plaintiff was employed by defendant as a truck driver for approximately five years until his discharge from employment on February 28, 1985. On February 27, 1985 plaintiff was involved in a motor vehicle accident in the County of Cape Girardeau, Missouri. Following plaintiff's accident the Division of Workers' Compensation, Jefferson City, Missouri, paid for a medical examination of plaintiff and for medications prescribed by the physician conducting the examination.
At the time plaintiff commenced his employment with Overnite, defendant issued him a copy of the "Safety Rules and Regulations" governing his performance of services for Overnite. The regulations include the following provision on which plaintiff grounds Count III of his complaint:
GENERAL RULES
2.) Three chargeable accidents in any twelve month period will result in the driver's dismissal. However, depending upon the circumstances and severity, even one accident may result in dismissal.
Prior to the February 27, 1985 accident plaintiff had been placed on a six-month probation for failure to comply with operating regulations. In particular, plaintiff was cited for failure to follow the pre-trip inspection procedures set forth in paragraph 61 of the General Rules in the "Safety Rules and Regulations."
Defendant moves for summary judgment on Counts I and II of plaintiff's complaint on the ground that the Missouri Workers' Compensation Law, § 287.120, RSMo, provides the exclusive remedy for any injuries plaintiff may have suffered at the time of the accident, which both parties agree arose "out of and in the course of his employment." § 287.120(1), RSMo.
*54 Plaintiff argues in opposition to defendant's motion that the February 27, 1985 accident in this case was not an "accident" within the meaning of the Workers' Compensation Law, § 287.020(2), RSMo. Plaintiff asserts that Ronnie Bond, the Overnite terminal manager in Cape Girardeau who assigned plaintiff the truck for his delivery run on February 27, 1985, knew when he made the assignment that the brakes on the truck were defective. Plaintiff argues therefrom that the accident was an entirely foreseeable consequence of the manager's intentional act and hence falls without the exclusive remedial scope of the Workers' Compensation Law.
Plaintiff's argument has no merit. Missouri courts have held that the intentional torts of co-employees fall within the definition of employment-related "accident" in the statute. Hood v. Trans World Airlines, Inc., 648 S.W.2d 167 (Mo.App.1983). Therefore, even if plaintiff's allegations of intentional conduct on the part of the terminal manager are true, his remedies against Overnite are limited to those available under the Workers' Compensation Law. Defendant is entitled to judgment on Count I of plaintiff's complaint as a matter of law.
Count II of the complaint, which seeks punitive damages against Overnite for Ronnie Bond's alleged "wilful and intentional" conduct, likewise must fail. The Workers' Compensation Law provides the exclusive remedy for plaintiff's alleged injuries. The Court's ruling on neither Count I nor Count II would bar a suit by plaintiff against Bond individually on a theory of intentional tort. Plaintiff's allegations of intentional conduct by Bond, however, do not defeat the exclusivity provisions of the Workers' Compensation Law. See Miller v. Lindenwood Female College, 616 F.Supp. 860 (E.D.Mo.1985).
Defendant moves for summary judgment on Counts III and IV of plaintiff's complaint on the ground that they fail to state a claim on which relief may be granted under Missouri law. The Court agrees and accordingly dismisses both counts.
Count III of plaintiff's complaint seeks damages for plaintiff's wrongful termination, which plaintiff claims was in violation of a policy provision contained in the "Safety Rules and Regulations" issued to plaintiff by Overnite at the outset of plaintiff's employment.
Under Missouri law an employer can discharge an at-will employee not otherwise protected by statute with or without cause at any time without incurring liability for wrongful discharge. See Dake v. Tuell, 687 S.W.2d 191, 193 (Mo.1985), citing Amaan v. City of Eureka, 615 S.W.2d 414 (Mo. banc 1981), cert. denied, 454 U.S. 1084, 102 S.Ct. 642, 70 L.Ed.2d 619 (1981). In order to maintain a claim for wrongful discharge, an at-will employee must set forth "`the essential elements of a valid contract, and a discharge in violation thereof.' Maddock v. Lewis, 386 S.W.2d 406, 409 (Mo.1965), cert. denied, 381 U.S. 929 [85 S.Ct. 1569, 14 L.Ed.2d 688] (1965)"; Dake, 687 S.W.2d at 193.
In the instant case plaintiff, relying on Arie v. Intertherm, Inc., 648 S.W.2d 142 (Mo.App.1983) and Enyeart v. Shelter Mutual Insurance Company, 693 S.W.2d 120 (Mo.App.1985), argues that the "Safety Rules and Regulations" constitute contract terms binding on Overnite, and that defendant's alleged breach of one of the provisions included therein gives rise to plaintiff's right to recover for wrongful discharge. Specifically, plaintiff asserts that the previously-cited paragraph 2 of the General Rules provision, which stipulates that a driver charged with three accidents will be terminated from employment, constitutes a binding employment policy of Overnite, operating to bar the company from terminating a driver for reasons relating to his accident record at any point prior to such time as the driver accrues a record of three chargeable accidents.
In Arie and Enyeart separate panels of the Missouri Court of Appeals recognized a cause of action arising from employer action that contravened specific policy provisions set forth in personnel manuals distributed to employees. The courts of appeals *55 held that provisions of employee handbooks could constitute binding contract terms: "[I]f an employer elects to establish policies in its relations with employees and publishes those policies in a document distributed to employees, the employer is contractually bound to observe those policies until they are modified or withdrawn." Enyeart, 693 S.W.2d at 123.
This Court is not persuaded that the Missouri courts would recognize the "Safety Rules and Regulations" at issue in the instant case as being the type of employee handbook that would trigger application of the Enyeart rule. Even if it were deemed to create contractually binding employment policies, however, the Court concludes as a matter of law that the provision plaintiff alleges to have been breached by defendant Overnite does not create the right to continued employment that plaintiff claims. A plain reading of the provision establishes conclusively that Overnite maintained the right to terminate a driver who had been charged with only one accident, "depending upon the circumstances and the severity." The provision in no way supports plaintiff's reading, which would effectively grant drivers for Overnite an absolute two-accident grace period.
Defendant asserted in response to interrogatories that plaintiff's termination followed upon his having been found responsible for the February 27, 1985 accident, which occurred while plaintiff was subject to a six-month probation. Plaintiff in his response does not challenge his probationary status, and this Court is not in the case before it charged with determining liability for the accident. Defendant's reasons for the discharge fall well within the parameters of paragraph 2 of the General Rules. Therefore the Court concludes that plaintiff has failed to support a claim for breach of that provision.
Count IV of plaintiff's complaint seeks to recover punitive damages for the conduct alleged in Count III. As defendant is entitled to judgment on Count III as a matter of law, Count IV also must fail.