**Jeanne M. BUDDINGH, Plaintiff,**

v.

**SOUTH CHICAGO CABLE, INC., a corporation, doing business as Chicago Cable TV, a subsidiary of Tele–Communications, Inc., a corporation, Albert Giannotti, Larry Carleton, and Ava Whaley, Defendants.**

No. 92 C 2064.

United States District Court,
N.D. Illinois, E.D.

July 23, 1993.

Charmaine E. Dwyer, Marilyn F. Longwell, Law Offices of Marilyn F. Longwell, Chicago, IL, for plaintiff.

Julie Badel, Kearney W. Kilens, McDermott, Will & Emery, P.C., Chicago, IL, for defendants.

Irving M. Geslewitz, Much, Shelist, Freed, Denenberg, Ament & Eiger, P.C., Chicago, IL, for A. Giannotti.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is Magistrate Judge Weisberg's Report and Recommendation on Defendants' Motion to Strike and Dismiss Portions of Count I and to Dismiss Counts II, III and IV. The Magistrate Judge recommended that defendants' motion be (1) granted as to Count I with respect to Buddingh's claims for compensatory and punitive damages under Title VII arising from conduct prior to November 21, 1991, including allegations of harassment and retaliation in paragraphs 22(a), (b), and (c); (2) granted as to Count II with respect to any claims of retaliation; (3) granted as to Count IV, and (4) in all other respects denied. Both the plaintiff and the defendant have filed objections. Accordingly, the court will conduct *de novo* review as to those portions of the Report and Recommendation to which the parties have objected. 28 U.S.C. § 636.

### BACKGROUND

The court will briefly summarize the background of this case. Buddingh, a white female, alleges that she was discriminated against based on her race because her employer hired a less qualified black candidate for a position to which she should have been promoted. Buddingh further alleges that the same thing happened when the position became vacant for a second time. Further-more, Buddingh alleges that her employer retaliated against her when she complained of discriminatory treatment.

Buddingh's complaint alleges the following counts. Count I alleges a violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. Count II is a claim under 42 U.S.C. § 1981. Counts III and IV are pendent claims alleging the Illinois common law torts of intentional and negligent infliction of emotional distress. Counts I and II are directed at all defendants. Counts III and IV are directed at all defendants except Chicago Cable.

The court will address the Magistrate Judge's recommendation and the parties' objections as to each count of plaintiff's complaint in turn.

### DISCUSSION

#### I. *Count I: Title VII*

Defendants moved to strike and dismiss the jury demand and the claim for compensatory and punitive damages from Count I of the Complaint, claiming a violation of Title VII of the Civil Rights of 1964, on grounds that the Civil Rights Act of 1991 does not apply retroactively. The Magistrate Judge recommends that this court grant defendants' motion as to ¶¶ 22(a), (b), and (c) of the complaint, which allege conduct predating the amendment, and deny the motion with respect to the remainder of ¶ 22 (¶¶ 22(d) through (i)) of the complaint, which alleges ongoing conduct.

The Magistrate Judge found that the Civil Rights Act of 1991 is applicable only to conduct occurring after November 21, 1991 even though plaintiff filed this action after the effective date. *See Luddington v. Indiana Bell Telephone Co.,* 966 F.2d 225, 229–30 (7th Cir.1992) (holding that Civil Rights Act of 1991 applies only to conduct engaged in after effective dates of Act, at least where suit was brought before effective date). Therefore, the Magistrate Judge concluded that with respect to the conduct which occurred after that date, plaintiff is entitled to the additional remedies and procedures afforded by the

Civil Rights Act of 1991. The parties do not object to these findings.

■ Rather, the defendants contend that the Magistrate Judge incorrectly interpreted some of the allegations in Count I (paragraphs 22(d) through (i)), which reflect no date, as relating to conduct after the effective date of the Civil Rights Act of 1991, November 21, 1991, for two reasons. First, defendants claim that paragraphs 22(e) through (g) of Count I address alleged acts which occurred before November 21, 1991 because plaintiff included those allegations in her amended EEOC charge, which she signed and filed on October 31, 1991.[1] Second, as to claims in paragraph 22 which are not reflected in the amended EEOC charge, defendants argue that these undated allegations are too vague and conclusory to provide enough factual detail to outline the cause of action. Thus, defendants argue that the demand for compensatory and punitive damages and for a jury trial should be stricken from Count I in its entirety.

■ The court finds defendants' objections without merit. First, with respect to allegations that were contained in plaintiff's EEOC charge, the court finds that the plaintiff has sufficiently alleged these allegations as ongoing. Paragraph 22(d) specifically states that plaintiff had been subjected to retaliatory acts "[a]fter returning to work on August 19." Clearly, this means that the conduct continued beyond that date. Plaintiff's complaint also states that the retaliation alleged "has been consistent and ongoing to the present...." Complaint, ¶ 22. On a motion to dismiss, the movant has the burden to demonstrate beyond all doubt that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Since the plaintiff alleges

the matters in paragraphs 22(d) through (i) as part of a pattern of retaliation which continues through the present, the court must interpret these allegations as including conduct subsequent to the Act's effective date.

■ Second, with respect to defendants' argument that plaintiff's allegations are too vague, the court agrees with the plaintiff that the notice pleading rules which govern complaints filed in federal court do not require that the date and precise nature of each wrongful act of defendants be set forth in the complaint. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of a claim" sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Furthermore, the court agrees with the Magistrate Judge and the plaintiff that the complaint does contain allegations of several specific types of retaliation and harassment by defendants which are ongoing through the present.

Finding defendants' objections without merit, the court adopts the Magistrate Judge's recommendation as to Count I.

## II.  *Count II: 42 U.S.C. § 1981*

The Magistrate Judge recommends that defendants' motion to dismiss the § 1981 claim should be granted as to plaintiff's claim for retaliation and harassment but denied as to her promotion claim. Both the plaintiff and the defendants object to this recommendation. The defendants argue that the court should grant the motion to dismiss the § 1981 claim with respect to the plaintiff's promotion claim. The plaintiff argues that the court should deny the motion to dismiss the § 1981 claim for retaliation and harassment. The court agrees with the recommen-

---

1. Defendants argue in the alternative that if these allegations occurred after November 21, 1991, they also occurred after December 27, 1991, the date the EEOC issued its right to sue notice. Therefore, defendants argue, these claims are not properly before the court for failure to exhaust administrative remedies. *See, e.g., Guliford v. Beech Aircraft Corp.,* 768 F.Supp. 313 (D.Kan. 1991). Plaintiff argues in response that plaintiff's EEOC charges specifically alleged acts of retaliation and that, in any event, a judicial complaint in a Title VII case can embrace not only the allegations in the administrative charge, but also discrimination like or reasonably related to the allegations of the charge and growing out of such allegations, specifically including retaliation for the filing of the charge. *Malhotra v. Cotter & Co.,* 885 F.2d 1305, 1312 (7th Cir.1989). The court agrees with the plaintiff.

dations of the Magistrate Judge and finds the parties' objections without merit.

■ Although the Civil Rights Act of 1991 added a new definition of the term "make and enforce contracts,"[2] under *Mozee* the new legislation does not apply retroactively to conduct which occurred before the effective date of that Act because applying the Act to plaintiff's claims based on pre-Act conduct would impact substantive rights and obligations of the parties. Rather, *Patterson v. McLean Credit Union*, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), applies.

■ With respect to the promotion claim, *Patterson* held that the failure to promote an employee on racial grounds was not covered by § 1981 when the promotion would have amounted to a mere modification of the employment relationship rather than the formation of a new contract. Nonetheless, the Magistrate Judge found that even under *Patterson*, plaintiff's § 1981 promotion claim should survive defendants' motion to dismiss because plaintiff may be able to show that her promotion to general manager would have represented a new and distinct relation with Chicago Cable. Defendants argue that there are no facts alleged in the complaint to demonstrate that the non-promotion to the general manager position involved the opportunity for a new and distinct relation. Defendants argue that in *Majeske v. Chicago*, 740 F.Supp. 1350, 1352 (N.D.Ill.1990) and *Chicago Firefighters v. Washington*, 736 F.Supp. 923, 933 (N.D.Ill.1990), the court dismissed section 1981 claims based on the plaintiffs' failure to allege any facts in the complaint from which it could be concluded that the promotion rose to the level of an opportunity for a new and distinct relationship. Notwithstanding *Majeske* and *Chicago Firefighters*, the court agrees with the Magistrate Judge that the motion to dismiss should be denied with respect to the promotion claim since we cannot conclude in this case that "no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King &*

*Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). This is particularly true in light of *Taylor v. Western and Southern Life Insurance Co.*, 966 F.2d 1188 (7th Cir.1992), where the Seventh Circuit acknowledged that the "new and distinct relation" standard is difficult to apply. *Id.* at 1200.

■ With respect to plaintiff's harassment and retaliation claims, however, the Magistrate Judge recommended that defendants' motion to dismiss should be granted because plaintiff was not seeking to enforce contract rights. The Magistrate Judge found that what determines the scope of § 1981 with respect to retaliation is whether the plaintiff was seeking access to the legal process or pursuing some nonlegal, adjudicatory means of enforcing her contract rights, as opposed to rights under anti-discrimination laws. *See McKnight v. General Motors Corp.*, 908 F.2d 104, 111–12 (7th Cir.1990); *Mozee v. American Commercial Marine Service Co.*, 940 F.2d 1036, 1052 (7th Cir.1991), *cert. denied*, — U.S. —, 113 S.Ct. 207, 121 L.Ed.2d 148 (1992). The Magistrate Judge concluded that plaintiff does not allege that she was retaliated against because she is white but because she complained of discrimination and filed an EEOC charge.

Plaintiff objects. She argues that the Magistrate Judge ignores the post-Civil Rights Act conduct alleged in the complaint and the stated intent of Congress in enacting the 1991 Civil Rights Act to overrule the case of *Patterson v. McLean Credit Union*, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989). However, the Magistrate Judge did consider the alleged post-Act conduct in light of the expanded definition of "make and enforce contracts," 42 U.S.C. § 1981(b), and presumed that a plaintiff's attempts to enforce the broader range of contract rights as so defined are now protected against retaliation. Nonetheless, the Magistrate Judge concluded that plaintiff sought to enforce only her statutory rights under Title VII, not

**2.** (b) Definition

For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

any contract rights, even giving the term the broader post-Act definition.

Having reviewed the plaintiff's allegations, the court agrees. Plaintiff's complaint alleges that "[s]ubsequent to making said complaints [referring to complaints to management that plaintiff had been discriminated against because of her race] and to her filing a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), and as a direct result thereof, Defendants ... harassed and retaliated against Plaintiff...." Complaint, ¶ 19. Thus, plaintiff does not allege that defendants retaliated against her for any attempt to enforce contract rights, even as that term is broadly defined under the new Civil Rights Act of 1991. Therefore, the court finds plaintiff's objections without merit.

Accordingly, the court adopts the Magistrate Judge's recommendation as to Count II.

### III. *Count III: Intentional Infliction of Emotional Distress*

The Magistrate Judge recommends that the court deny defendants' motion to dismiss as to Count III. Defendants object for two reasons.

■ First, defendants argue that plaintiff's claim of intentional infliction of emotional distress is barred by the exclusive remedy provisions of the Illinois Worker's Compensation Act, ILL.REV.STAT. ch. 48, ¶ 138.5(a). Section 5(a) of the Act provides that:

[n]o common law or statutory right to recover damages from the employer ... for injury or death sustained by any employee while engaged in the line of his duty as such an employee, is available to any employer who is covered by the provisions of this Act....

*Id.* Defendants concede that the Magistrate Judge correctly found that a common law action against the employer is not barred when an intentional act is committed by an alter ego of the corporation.

However, defendants contend that the Magistrate Judge erroneously concluded that the individual defendants were alter egos of the corporation. Defendants cite *Jablonski*

*v. Multack*, 63 Ill.App.3d 908, 913–14, 380 N.E.2d 924, 927–28, 20 Ill.Dec. 715, 718–19 (1978), and *Meerbrey v. Marshall Field & Co., Inc.*, 139 Ill.2d 455, 464, 564 N.E.2d 1222, 1226, 151 Ill.Dec. 560, 564 (1990), arguing that these courts dismissed claims as barred by the exclusivity provisions of the Workers' Compensation Act because the complaints did not allege that the individual employee was an alter ego of the employer, even though in *Jablonski* the complaint alleged the individual was a manager. *Meerbrey*, 139 Ill.2d at 464, 564 N.E.2d at 1226, 151 Ill.Dec. at 564; *Jablonski*, 63 Ill.App.3d at 913–14, 380 N.E.2d at 928, 20 Ill.Dec. at 719. Defendants point out that the plaintiff has not explicitly alleged that the individual defendants are alter egos of the employer. Rather, the complaint alleges only that Giannotti, Carleton, and Whaley were management employees (Count I, ¶ 7, Count III, ¶ 5). Furthermore, defendants argue, there are no facts to suggest that any of the three were alter egos of defendant Tele–Communications, Inc. ("TCI"). Finally, defendants argue that Illinois courts have stressed that the alter ego doctrine should not be applied unless clearly justified by the circumstances. *E.g., Froehlich v. J.R. Froehlich Mfg. Co.*, 93 Ill.App.3d 179, 182–83, 416 N.E.2d 1134, 1137, 48 Ill.Dec. 612, 615 (1981). They point out that the *Froehlich* court emphasized that an alter ego relationship exists "when the corporate directors or officers have such unity of interest or ownership that the individual and corporation are, for all practical purposes, coextensive." *Froehlich*, 416 N.E.2d at 1137, 48 Ill.Dec. at 615. Thus, defendants argue that there is no basis on which to subject this employer to a tort claim which is precluded by the exclusive remedy provisions of the Workers' Compensation Act.

Plaintiff responds to defendants' objection by arguing that an express allegation that the individual defendants were acting as the "alter ego" of their employer is unnecessary because it would merely be a legal conclusion. Furthermore, plaintiff cites *Johnson v. Federal Reserve Bank*, 199 Ill.App.3d 427, 434, 557 N.E.2d 328, 145 Ill.Dec. 558 (1st Dist.1990), which held that the plaintiff's claim against the employer, a bank, for inten-

tional infliction of emotional distress was not barred by the Worker's Compensation Act because the alleged intentional conduct was by persons acting in their capacities as managers who, therefore, were alter egos of the bank. Plaintiff argues that similarly in the instant case, the alleged conduct of the individual defendants was intentional, their actions were taken in their capacities as managers and that, by virtue of the nature of the intentional acts alleged, the individual defendants were acting on behalf of plaintiff's employer.

The court agrees with the Magistrate Judge's recommendation that plaintiff's Count III claim against TCI is not barred by the Workers' Compensation Act. Defendants cite *Jablonski v. Multack*, where the court affirmed summary judgment because the plaintiff alleged only that the defendant was the manager of one of a number of restaurants owned by the corporation. *Jablonski*, 380 N.E.2d at 927–28, 20 Ill.Dec. at 718–19. In the instant case, which involves a motion to dismiss, however, the court may only grant the motion if it is clear that plaintiff can prove no set of facts in support of her claim that would entitle her to relief. Defendants also cite *Meerbrey v. Marshall Field & Co.*, where the court held plaintiff had not sufficiently alleged that the employee was the corporation's "alter ego" because the employee was acting within the scope of his employment. *Meerbrey*, 564 N.E.2d at 1227, 151 Ill.Dec. at 565. The court found that allegation insufficient because there was no allegation that the corporation "committed, commanded, or expressly authorized" the corporation's actions. *Id.* In contrast, Buddingh has alleged that TCI directly participated in the conduct alleged, not merely that the manager-employees were acting within the scope of their employment. Finally, defendants cite *Froehlich v. J.R. Froehlich Mfg. Co.*, which held that the defendant-employee was not the alter ego of the corporation because there was no showing that the defendant's personal interests or ownership of property coincided with the assets of the corporation and no showing that he was personally indebted to the corporation or that he owned any of its assets. *Froehlich*, 416 N.E.2d at 1138, 48 Ill.Dec. at 616. However,

that case deals with an attempt to pierce the corporate veil to hold the defendant personally liable for a judgment imposed on the corporation. Although that case deals with the "alter ego" doctrine, *Froehlich* has nothing to do with the question of whether the Workers' Compensation Act is a plaintiff's exclusive remedy.

*Johnson v. Federal Reserve Bank*, 199 Ill. App.3d 427, 557 N.E.2d 328, 332, 145 Ill.Dec. 558, 562 (1st Dist.1990), cited by the Magistrate Judge and the plaintiff, is a more analogous case. *Johnson* held that the Workers' Compensation Act "does not bar common law actions for intentional torts where the injury was inflicted by the employer or a co-employee acting as the alter ego of the employer." 557 N.E.2d at 332, 145 Ill.Dec. at 562. *Johnson* upheld an alter ego claim alleging intentional conduct by persons acting as managers of the defendant bank. Similarly, Buddingh has alleged that the actions described in her complaint were those of management employees of TCI. Since this is a motion to dismiss, the Magistrate Judge correctly construed things most favorably to the plaintiff in concluding that she sufficiently alleged that the employees were alter egos of the corporation.

■ Second, defendants argue that the complaint fails to state a claim for intentional infliction of emotional distress. Defendants argue that the cases relied upon by the Magistrate Judge in his report involve allegedly wrongful conduct coupled with a retaliatory motive evidenced by threats which are not present in this case. For example, the defendants argue that the plaintiff in *Johnson* alleged threats of dismissal for reporting legal violations to the Treasury Bureau. However, defendants focus on only a small part of the conduct on which the *Johnson* court based its decision. That court found that conduct, including threats of dismissal, extra hours, onerous work load, unfavorable performance reviews, and subversion of the plaintiff's authority, "though not extreme and outrageous *per se*, became so by its retaliatory and punitive nature." *Johnson*, 557 N.E.2d at 331, 145 Ill.Dec. at 561. Furthermore, the court agrees with the Magistrate Judge's conclusion that the "outrageousness"

444

requirement is vague and difficult to apply and must be determined on all the facts and circumstances pleaded and proved in a particular case. *McGrath v. Fahey,* 126 Ill.2d 78, 533 N.E.2d 806, 809, 811, 127 Ill.Dec. 724, 727, 729 (1988). Therefore, the court also agrees with the Magistrate Judge that we cannot conclude that no relief could be granted under any set of facts that could be proved consistent with the allegations.

Accordingly, the court adopts the Magistrate Judge's recommendation as to Count III.

## IV. *Count IV: Negligent Infliction of Emotional Distress*

The Magistrate Judge recommends that the court grant defendants' motion to dismiss as to Count IV. Since the plaintiff does not object to that recommendation, the court dismisses Count IV with prejudice.

## *CONCLUSION*

For the foregoing reasons, the court adopts in full Magistrate Judge Weisberg's Report and Recommendation. Accordingly, defendants' motion to strike and dismiss is (1) granted as to Count I with respect to plaintiff's claims for compensatory and punitive damages under Title VII arising from conduct prior to November 21, 1991, including the allegations of harassment and retaliation in paragraphs 22(a), (b), and (c); (2) granted as to Count II with respect to any claims of retaliation, (3) granted as to Count IV, and (4) in all other respects denied.