838 F.Supp. 1350 (1993)
Audrey RUSSELL, Plaintiff,
v.
CITY OF OVERLAND POLICE DEPARTMENT, et al., Defendants.
No. 4:93CV 0060 SNL.
United States District Court, E.D. Missouri, E.D.
December 3, 1993.
*1351 Audrey M. Russell, pro se.
Robert J. Krehbiel, Joy R. Urbom, Evans and Dixon, Newton G. McCoy, Schwartz and Herman, St. Louis, MO, for defendants.

MEMORANDUM
LIMBAUGH, District Judge.
This matter is before the Court upon defendants' Motion to Dismiss and Motion to Strike. In the present cause, plaintiff filed a pro se Complaint alleging: (1) sexual harassment, discrimination and wrongful discharge, in violation of Title VII of the Civil Rights Act of 1964, as amended; (2) assault and battery; (3) intentional infliction of emotional distress; (4) defamation; and (5) conspiracy. Certain defendants move to dismiss and defendants move to strike plaintiff's requests for liquidated and punitive damages and for jury trial, both which plaintiff opposes.
In passing on a motion to dismiss, a court must view the facts alleged in the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957); Toombs v. Bell, 798 F.2d 297, 298 (8th Cir.1986). The court should not grant a motion to dismiss merely because the complaint does not state with precision every element of the offense necessary for recovery. 5 Wright & Miller, Federal Practice and Procedure: Civil, Sec. 1216 at 120 (1969). A complaint is sufficient if it contains "allegations from which an inference can be drawn that evidence on these material points will be introduced at trial." Id. at 122-123. Moreover, a court should not dismiss a complaint unless it "appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of his claim which *1352 would entitle him to relief." Conley v. Gibson, supra, 355 U.S. at 45-46, 78 S.Ct. at 102. Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir.1982).
A pro se complaint is to be liberally construed and should not be dismissed unless the plaintiff can prove no set of facts to support the claim(s). Ouzts v. Cummins, 825 F.2d. 1276, 1277 (8th Cir.1987); Holloway v. Lockhart, 792 F.2d. 760, 761-762 (8th Cir.1986). With these standards in mind, the Court turns to an examination of the plaintiff's complaint.
Defendants move to dismiss City of Overland Police Department as a defendant. Defendants argue that under Missouri law the City of Overland Police Department is not a suable entity and should, therefore, be dismissed. Plaintiff argues that dismissal is inappropriate because the City of Overland is a suable entity. Although plaintiff has named the City of Overland Police Department and not the City of Overland as defendant, it is clear from the pleadings that plaintiff is attempting to sue the City of Overland as a municipality. As stated previously, a pro se complaint is to be liberally construed. In the present cause, the Court will construe plaintiff's Complaint as against the City of Overland, which is a proper suable entity.
Next, defendant Overland City Attorney Robert Hermann moves the Court to dismiss plaintiff's allegations as to defendant Hermann, arguing that plaintiff's allegations fail to state a claim upon which relief may be granted. Plaintiff opposes said motion, arguing that defendant Hermann was involved in the allegations against defendants.
In plaintiff's Complaint, plaintiff alleges that on December 10, 1991, "plaintiff was ordered to an Internal Affairs hearing in regards to being charged with abuse of sick leave." Complaint, p. 16A. Plaintiff alleges that her attorney and defendant Hermann had discussions and that she was advised by her attorney that they were trying to work out plaintiff's return to work. Complaint, p. 16A. After another discussion between defendant Hermann and her attorney, plaintiff was allegedly told by her attorney that "they were going to fire plaintiff, according to City Attorney, Bob Hermann." Complaint, p. 16A. Plaintiff alleges that defendant Hermann "interfered" during the meeting by asking questions regarding a sexual harassment complaint that plaintiff had filed with the EEOC, and that defendant Hermann should have been at the meeting only as a witness. Complaint, p. 16A. According to plaintiff, these actions were part of a conspiracy to deny her due process and to interfere with an EEOC investigation. Complaint, p. 16A.
With the exception of the conspiracy allegations, which the Court will address subsequently, it is the opinion of the Court that the allegations concerning defendant Hermann should be dismissed because he is not an "employer" subject to liability under 42 U.S.C. § 2000e(b). Pursuant to § 2000e-2(a)(1), it is unlawful for any employer to discriminate on the basis of sex. The term "employer" is defined in § 2000e(b) as "a person engaged in an industry affecting commerce who has 15 or more employees ... and any agent of such person." Individual defendants may be liable under Title VII only if they qualify as statutory "agents" of plaintiff's employer. Generally, courts have held that in order for "agent" status to apply, an individual must be a supervisory or managerial employee of a Title VII employer, and the individual must have been delegated responsibility for making some employment decisions. Burrell v. Truman Medical Center, Inc., 721 F.Supp. 230, 232 (W.D.Mo.1989) (citations omitted).
Plaintiff has not alleged that defendant Hermann has any supervisory or managerial responsibilities over police officers, and, in particular, over plaintiff. Furthermore, plaintiff has not alleged that defendant Hermann makes any employment decisions for the hiring of police officers on behalf of the City of Overland or that he is responsible for rendering disciplinary actions against them.
Defendants, including defendant Hermann, also move to dismiss plaintiff's claims of conspiracy. *1353 Although plaintiff does not identify the statutory basis for her claim, the Court will construe the Complaint as attempting to state a conspiracy claim pursuant to 42 U.S.C. § 1985. Courts have construed § 1985 as proscribing five different types of conspiracies: (1) conspiracy to interfere with the performance of official duties by federal officers (§ 1985(1)); (2) conspiracy to interfere with the administration of justice in federal courts (§ 1985(2)); (3) conspiracy to interfere with the administration of justice in state courts (§ 1985(2)); (4) private conspiracy to deny any person enjoyment of "equal protection of the laws" and "equal privileges and immunities under the laws" (§ 1985(3)); and (5) conspiracy to interfere with the right to support candidates in federal elections (§ 1985(3)). Harrison v. Springdale Water & Sewer Commission, 780 F.2d 1422, 1429 (8th Cir.1986) (citation omitted). The Court, as do defendants, construes plaintiff's allegations as falling under the purview of the first clause of § 1985(3).
In order to state a claim under § 1985(3), plaintiff must allege: (1) a conspiracy; (2) for the purpose of depriving any person or class of persons of the equal protection of the laws or of the privileges and immunities secured by the laws; (3) an act in furtherance of the conspiracy; and (4) a result in injury to plaintiff's person or property or a deprivation of a right or privilege secured for her as a United States citizen. Griffin v. Breckenridge, 403 U.S. 88, 102-03, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971). A claim of conspiracy must be pleaded with particularity and specifically demonstrate with material facts that defendants reached an agreement to violate plaintiff's rights. City of Omaha Employees Betterment Association v. City of Omaha, 883 F.2d 650, 652 (8th Cir.1989) (citation omitted).
It is the opinion of this Court that plaintiff's Complaint lacks material facts demonstrating an agreement reached by defendants and for this reason alone should fail. Furthermore, plaintiff's Complaint fails to state a claim for conspiracy because allegations of a conspiracy to violate Title VII will not support a claim under § 1985(3). Great American Federal Savings & Loan Ass'n v. Novotny, 442 U.S. 366, 378, 99 S.Ct. 2345, 2352, 60 L.Ed.2d 957 (1979).
Finally, defendants move to dismiss plaintiff's state law claims of assault, battery and defamation, arguing both that part of plaintiff's claims are time-barred and that the state law claims, including plaintiff's claim of intentional infliction of emotional distress, are barred by the Missouri's Workers' Compensation Act. First, the Court will address defendants' argument that the intentional tort claims are barred by the Missouri Workers' Compensation Act. In Loughridge v. Overnite Transp. Co., 649 F.Supp. 52 (E.D.Mo.1986), this Court noted that Missouri courts have held that the intentional torts of co-employees fall within the definition of an employment-related "accident" in the Workers' Compensation Act. Id. at 54 (citation omitted). The Court noted, therefore, that even if plaintiff's allegations against plaintiff's supervisor were true, plaintiff's remedies against his employer would be limited to those available under the Workers' Compensation Act. Id. The Court went on to note, however, that the Workers' Compensation Act does not bar a suit by plaintiff against the employee individually on a theory of intentional tort. Id. In Hill v. John Chezik Imports, 797 S.W.2d 528 (Mo.Ct.App. 1990), the Missouri Court of Appeals for the Eastern District allowed an employee who complained of sexual harassment by her supervisor, a co-employee, to maintain a tort claim against the supervisor, although a claim against the employer would be barred under the Missouri Workers' Compensation Act. Id. at 531 (citation omitted). Thus, it is the opinion of this Court that to the extent that plaintiff's allegations of intentional torts are directed toward the City of Overland, plaintiff's claims are barred by the Missouri Workers' Compensation Act. To the extent that said intentional tort claims are alleged against individuals who were co-employees of plaintiff, including Chief Eddy Williams, it is the opinion of this Court that said claims should not be dismissed because they are not barred by the Missouri Workers' Compensation Act.
Defendants also argue that plaintiff's claims of assault, battery and defamation *1354 which are alleged to have occurred prior to December 30, 1990 (2 years prior to the filing of this lawsuit) should be dismissed because they are time-barred. The Court agrees. In Missouri, the statute of limitations for actions based upon assault, battery and slander are two years. Mo.Rev.Stat. § 516.140. Thus, it is the opinion of this Court that plaintiff's allegations of assault, battery and slander which occurred prior to December 30, 1990 should be dismissed as time-barred.
Next, the Court must address defendants' Motion to Strike plaintiff's requests for liquidated and punitive damages and for jury trial. In plaintiff's Complaint, plaintiff alleges sexual discrimination and harassment and wrongful discharge which occurred during the period from approximately June, 1984 until approximately December, 1991. It is clear that plaintiff alleges continuous and ongoing acts of sexual harassment and discrimination occurring from the period prior to the enactment of the Civil Rights Act of 1991 into the period subsequent thereto.
In Fray v. Omaha World Herald Co., 960 F.2d 1370 (8th Cir.1992), the United States Court of Appeals for the Eighth Circuit held that the Civil Rights Act of 1991 did not apply to conduct occurring prior to the Act's effective date of November 21, 1991. Id. at 1378. In the present cause, however, the alleged conduct did not only occur prior to the Act's effective date of November 21, 1991, but also occurred thereafter. In such a situation, when the alleged acts of sexual harassment and discrimination are alleged to have been ongoing and continuous into the period following the enactment of the Civil Rights Act of 1991, then plaintiff is entitled to a trial by jury as to those claims, whether they occurred prior to the enactment of the Civil Rights Act of 1991 or thereafter. See Buddingh v. South Chicago Cable, Inc., 830 F.Supp. 437, 440 (N.D.Ill.1993). Furthermore, plaintiff is also entitled to punitive damages with respect to said claims. Id. Thus, it is the opinion of this Court that defendants' Motion to Strike plaintiff's requests for jury trial and punitive damages should be denied.
Defendants also move to strike plaintiff's claim for liquidated damages, arguing that liquidated damages are not available under Title VII. The Court agrees. See 42 U.S.C. § 1981a. Thus, it is the opinion of this Court that defendants' Motion to Strike plaintiff's request for liquidated damages should be granted.

ORDER
In accordance with the Memorandum filed herein this day,
IT IS HEREBY ORDERED that defendants' Motion to Dismiss is GRANTED in part and DENIED in part. Defendant Hermann is hereby DISMISSED as a party to this lawsuit based upon plaintiff's failure to state a claim upon which relief may be granted. Furthermore, plaintiff's allegations of conspiracy; allegations of assault, battery and defamation which occurred prior to December 30, 1990; and allegations of assault, battery, defamation or intentional infliction of emotional distress with respect to defendant City of Overland or defendant City of Overland Police Department are hereby DISMISSED.
IT IS FURTHER ORDERED that defendants' Motion to Strike is GRANTED in part and DENIED in part. Plaintiff's request for liquidated damages is hereby stricken from plaintiff's Complaint.
IT IS FINALLY ORDERED that this cause is set for jury trial on the docket beginning the week of July 11, 1994.