108 F.Supp.2d 1062 (2000)
Michele HARDEBECK, Plaintiff,
v.
WARNER-JENKINSON COMPANY, INC., Defendant.
No. 4:99CV1506 (MLM).
United States District Court, E.D. Missouri, Eastern Division.
August 9, 2000.
*1063 Thomas B. Hayes, St. Louis, MO, for Michele Hardebeck, plaintiffs.
James N. Foster, Jr., Partner, Stephen B. Maule, Mcmahon and Berger, St. Louis, MO, for Warner Jenkinson Company, Inc., defendants.

MEMORANDUM AND ORDER
MEDLER, United States Magistrate Judge.
Plaintiff Michele Hardebeck ("Plaintiff") initiated the instant cause of action against Warner Jenkinson Company, Inc. ("Defendant") asserting sexual harassment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. (Count I), intentional infliction of mental distress (Count II), and sexual harassment in violation of the Missouri Human Rights Act ("MHRA"), § 213.10, et seq. Presently pending before the Court is Defendant's motion for more definite statement and/or to dismiss. [16] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [13]

I.

MOTION FOR MORE DEFINITE STATEMENT
In paragraph 9 of Plaintiff's complaint, she alleges that "she was subjected to verbal and physical sexual harassment." In addition, she alleges she "was obliged to work in an atmosphere which was hostile to females by virtue of unsolicited and unwelcome sexual advances, requests for *1064 sexual favors and other verbal and physical conduct of a sexual nature." See Plaintiff's Complaint, ¶ 9. Defendant contends that these allegations are so vague or ambiguous that "the Court cannot reasonably expect Defendant to adequately defend this matter without further clarification."
In response to Defendant's motion for more definite statement, Plaintiff stated that she agreed to make ¶ 9 of her complaint more definite. Therefore, Defendant's motion will be granted. Plaintiff shall file a more definite statement with respect to ¶ 9 of Plaintiff's complaint within twenty days of the date of this order.

II.

MOTION TO DISMISS COUNT II
In Count II of Plaintiff's complaint, she asserts that she complained to Defendant of sexual harassment. However, Defendant failed to take substantial effective measures to stop the purported harassing conduct. As a result, the harassment caused her severe emotional distress.
Defendant moves to dismiss Count II "insofar as the exclusivity provisions of the Missouri Workers' Compensation Act bar recovery for Plaintiff's common law claim of intentional infliction of emotional distress." See Defendant's Memorandum of Law, pg. 3. Plaintiff responds that actual damages recoverable under the MHRA may include awards for emotional distress and humiliation and that "[t]he allegations of Count II are clearly part of this case, at least, as a foundation for relief under Title VII and the MHRA." See Plaintiff's Memorandum in Opposition, pg. 2. Defendant counters that, while actual damages recoverable under the MHRA may include awards for emotional distress and humiliation, Count II of Plaintiff's complaint purports to state a cause of action for the independent state law tort of intentional infliction of emotional distress and does not purport to arise under the MHRA. See Defendant's Reply to Plaintiff's Memorandum, pp. 1-2.
In Karcher v. Emerson Electric Co., 94 F.3d 502 (8th Cir.1996), the Eighth Circuit Court of Appeals stated the following with respect to this issue:
The exclusivity provision of the Missouri workers' compensation statute provides that:
The rights and remedies herein granted to an employee shall exclude all other rights and remedies of the employee ... at common law or otherwise, on account of such accidental injury as death, except such rights and remedies as are not provided for by this chapter. Mo.Rev.Stat. § 287.120.2.
Clearly, this exclusivity provision can not preempt Karcher's federally created right to recover damages for emotional distress under Title VII. Moreover, we decline to read the provision to bar the recovery of such damages under the MHRA absent clear direction from the Missouri courts, and we have found no such direction.
Although Missouri courts have held that the exclusivity provision bars common law tort actions that arise out of incidents covered by the workers' compensation statute, see, e.g., Hill v. John Chezik Imports, 797 S.W.2d 528, 531 (Mo.Ct.App.1990), they have not extended the exclusivity provision to bar suits under the MHRA. Indeed, the language of the MHRA appears to preclude any such finding. The statute states, in relevant part, that:
The provisions of this chapter shall be construed to accomplish the purposes thereof and any law inconsistent with any provision of this chapter shall not apply.
We interpret broadly the remedial purpose of the MHRA, and we conclude that an award of emotional damages under the [MHRA] is not foreclosed by the possibility that such damages would have been recoverable under the workers' compensation statute.
*1065 Karcher, 94 F.3d at 509. See also Varner v. National Super Markets, Inc., 94 F.3d 1209 (8th Cir.1996) (the exclusivity provision of the Missouri Workers' Compensation Act does not extend to bar suits under the MHRA), cert. denied 519 U.S. 1110, 117 S.Ct. 946, 136 L.Ed.2d 835 (1997); Barba v. BPS Guard Services, 1992 WL 406540 (E.D.Mo.1992) (emotional distress damages are compensable under the Missouri Human Rights Act as part of the "actual damages" allowed by the statute and such emotional distress damages are not preempted by the Missouri Workers' Compensation Act).
The law is clear that damages for emotional distress are compensable under the MHRA as part of the "actual damages" allowed by the statute and are not preempted by the Missouri Workers' Compensation Act. However, in Plaintiff's prayer for relief in both Count I (Title VII) and Count III (MHRA), Plaintiff makes no reference to an award for emotional distress and humiliation. Instead, Plaintiff sets forth a separate ground for relief in Count II, which she has entitled "Sexual Harassment/Intentional Infliction of Mental Distress." Nowhere in Count II does Plaintiff mention Title VII or the MHRA as the foundation for relief in that count.
The Court agrees with Defendant that the allegations in Count II purport to state a cause of action for the independent state law tort of intentional infliction of emotional distress. In cases in which plaintiffs have filed claims under Title VII and/or the MHRA as well as common law tort claims for intentional and/or negligent infliction of emotional distress, courts have consistently dismissed the common-law tort claims as being preempted by the Missouri Workers' Compensation Act. See e.g., McAlinney v. Marion Merrell Dow, Inc., 992 F.2d 839 (8th Cir.1993) (trial court considered the Missouri Human Rights Act claim and Title VII claim but had dismissed prior to trial both state law claims concerning emotional distress as preempted by the Missouri Workers' Compensation Act); Nichols v. American National Insurance Company, 945 F.Supp. 1242 (E.D.Mo.1996) (dismissing the plaintiff's claim of intentional infliction of emotional distress as being barred by the Missouri Workers' Compensation Law, in case where the plaintiff also asserted a Title VII claim); Whitmore v. O'Connor Management, Inc., 899 F.Supp. 425 (W.D.Mo. 1995) (dismissing the plaintiff's common law tort claim of intentional infliction of emotional distress as being preempted by the Missouri Workers' Compensation Act, while retaining jurisdiction over the Title VII and MHRA claims); Russell v. City of Overland Police Department, 838 F.Supp. 1350, 1353 (E.D.Mo.1993) (granting the defendant's motion to dismiss state law claim of intentional infliction of emotional distress as barred by the Missouri Workers' Compensation Act in case where the plaintiff also had a Title VII claim pending); Jen v. Electronic Data Systems, Corp., 1993 WL 246327 (E.D.Mo.) (dismissing the plaintiff's claims of intentional and negligent infliction of emotional distress as being barred by the Missouri worker's compensation law in a case where the plaintiff had also filed claims of violations of Title VII and the MHRA).
The Court finds that the Workers' Compensation Act bars a suit by a plaintiff against her employer for intentional and negligent infliction of emotional distress. Count II of Plaintiff's complaint asserts a claim for intentional infliction of emotional distress. Thus, Count II of Plaintiff's complaint will be dismissed.

III.

MOTION TO DISMISS CLAIM OF CONSTRUCTIVE DISCHARGE
In ¶ 10 of Plaintiff's complaint, she alleges:
Defendant discriminated against plaintiff because of her sex in violation of section 703(a) of Title VII by actually and constructively discharging and otherwise discriminating against her, by engaging *1066 in, tolerating or failing to prevent the sexual harassment alleged above and by failing to take affirmative steps to correct and redress these unlawful employment practices. Defendant also discriminated against plaintiff in violation of section 704 of Title VII by actually and constructively discharging and otherwise discriminating against her because of her opposition to the unsolicited and unwelcome sexual advances forced upon her and the other sexual harassment in workplace.
See Plaintiff's Complaint, ¶ 10.
Defendant moves to dismiss Plaintiff's claims of constructive discharge for two reasons. First, Defendant contends that Plaintiff fails to state a claim. Second, Defendant contends that Plaintiff failed to file a timely charge of discrimination with the EEOC alleging constructive discharge. The Court finds that Plaintiff has failed to state a claim for constructive discharge. Therefore, her claim will be dismissed.
A court may dismiss a cause of action for failure to state a claim if it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); Alexander v. Peffer, 993 F.2d 1348, 1349 (8th Cir.1993) (a motion to dismiss should be granted as a practical matter only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief). "The issue is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support [its] claim." Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). See also Bennett v. Berg, 685 F.2d 1053, 1058 (8th Cir.1982), cert. denied 464 U.S. 1008, 104 S.Ct. 527, 78 L.Ed.2d 710 (1983) (a complaint should not be dismissed merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations). The Court must review the complaint most favorably to the plaintiff and take all well-pleaded allegations as true to determine whether the plaintiff is entitled to relief. Conley, 355 U.S. at 45-46, 78 S.Ct. 99.
Defendant contends that Plaintiff fails to state a claim of constructive discharge because she is unable to assert one of the essential elements of a claim for constructive discharge; i.e., that Plaintiff resigned or quit her job. Instead, Plaintiff alleges in her complaint that she was discharged on January 4, 1999. In response, Plaintiff contends that she could not function effectively and do her job because of the sexual harassment. Although she was, "in form," terminated, "the substance of this series of events is that she was forced by defendant into a situation in which the defendant would likely terminate her because she couldn't do her job, due to conditions defendant created or allowed to continue." See Plaintiff's Memorandum in Opposition, pg. 2.
To establish a claim for constructive discharge, a plaintiff must show that a reasonable person would have found the conditions of her employment intolerable and that the employer either intended to force her to resign or could have reasonably foreseen she would do so as a result of its actions. Ogden v. Wax Works, Inc., 214 F.3d 999, 1007 n. 13 (8th Cir.2000) (citing Kerns v. Capital Graphics, Inc., 178 F.3d 1011, 1017 (8th Cir.1999)). If an employee quits because she reasonably believes there is no chance for fair treatment, there has been a constructive discharge. Kimzey v. Wal-Mart Stores, Inc., 107 F.3d 568, 574 (8th Cir.1997). See also Klein v. McGowan, 198 F.3d 705 (8th Cir.1999).
Here, clearly, Plaintiff was not constructively discharged. She did not quit her job or resign. Instead, her employer terminated her. As such, Plaintiff cannot establish that she was constructively discharged. To the extent that Plaintiff claims the harassment forced her into a situation in which the defendant would likely terminate her, that goes to her claim *1067 of sexual harassment. It does not support a claim of constructive discharge. Therefore, Defendant's motion to dismiss on this ground will be granted.

IV.

CONCLUSION
Consistent with this memorandum, the Court finds that Defendant's motion for more definite statement and motion to dismiss should be granted.
Accordingly,
IT IS HEREBY ORDERED that Defendant's motion for more definite statement is GRANTED. Plaintiff shall file a more definite statement with respect to ¶ 9 of her complaint within twenty (20) days of the date of this order. [16]
IT IS FURTHER ORDERED that Defendant's motion to dismiss Count II of Plaintiff's complaint is GRANTED and Count II is DISMISSED from the instant cause of action. [16]
IT IS FURTHER ORDERED that Defendant's motion to dismiss Plaintiff's claim of constructive discharge is GRANTED. [16]